JOHN P. LeCRONE (State Bar No. 115875)
 johnlecrone@dwt.com
CAMILO ECHAVARRIA (State Bar No. 192481)
 camiloechavarria@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants
DIAMOND PARKING, INC. AND
DIAMOND PARKING SERVICES, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL O'SULLIVAN, MARIE BROWN, KEO YANG, SARAH BARSOUM, SIRINE DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE MARGERUM, DIANA BARLETT, YER VANG, and CHERIE DAVIS, individually, and all those similarly situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>DIAMOND PARKING, INC., a Washington Corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company; and DOES 1 through 500, inclusive,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT; DECLARATION OF JAN SUMNER IN SUPPORT THEREOF**<br><br>Action Filed:  May 21, 2007 |

1  TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA:

3      Pursuant to 28 U.S.C. Sections 1332, 1441, 1446, and 1453, Defendants
4  Diamond Parking, Inc., a Washington Corporation, and Diamond Parking Services,
5  LLC, a Washington Limited Liability Company (together, "Defendants") file this
6  Notice of Removal of this action from the Superior Court of the State of California
7  for the County of Alameda, in which it is now pending, to the United States District
8  Court for the Northern District of California, Oakland Division.  As the basis for
9  removal, Defendants represent that:

10     1.      Plaintiffs Paul O'Sullivan, Marie Brown, Keo Yang, Sarah Barsoum,
11 Sirine Dalloul, Hala Hawa, Monir Hawa, Constance Margerum, Diana Barlett,
12 Yer Vang, and Cherie Davis (collectively, "Plaintiffs") commenced this class action
13 on May 21, 2007 against Defendants in the Alameda Superior Court, bearing case
14 number RG07327116 and captioned Plaintiff's Class Action Complaint For:
15 (1) Failure to Pay Wages for All Time Worked; (2) Failure to Pay All Overtime
16 Wages; (3) Failure to Pay Minimum Wages; (4) Failure to Provide Rest and Meal
17 Periods; (5) Failure to Reimburse Expenses; (6) Late Payment of All Accrued
18 Wages and Compensation; (7) Unfair Business Practices – Pursuant to Business &
19 Professions Code Section 17200, *et seq.*; (8) Conversion of Accrued Wages and
20 Compensation; and (9) Violation of Civil Code Section 52.1.

21     2.      A copy of the Summons, Complaint and Civil Case Cover Sheet are
22 attached collectively hereto as Exhibit "A" and incorporated by reference.  There
23 have been no further proceedings filed in the Alameda Superior Court as of the date
24 of this removal.

25     3.      The Alameda Superior Court (where this action was originally filed) is
26 located within the jurisdiction of the United States District Court for the Northern
27 District of California.

28

DEFENDANTS' NOTICE OF REMOVAL
LAX 416022v7 0053052-000029

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332(a) and 1332(d), and is one that may be removed to this Court under 28 U.S.C. § 1441.  Because the state court action is pending in the Alameda Superior Court, removal of the state court action to this District Court is proper under 28 U.S.C. sections 1391(a) and 1446(a).

5.    This removal is timely pursuant to 28 U.S.C. §§ 1446 and 1453 because not more than 30 days have passed since Defendants received service of Plaintiffs' Summons and Complaint.  Service on Defendants was made by personal service on Incorp Services, Inc. on June 4, 2007.

6.    In their Complaint, Plaintiffs assert on their own behalf and on behalf of a putative class a myriad of claims arising out of their employment with Defendants during the four years preceding the filing of their Complaint.  Among other claims, Plaintiffs allege that they were denied meal and rest periods, and were required to work "off the clock" without being paid.  Plaintiffs further allege that Defendants failed to pay overtime and other wages as required by law and did not reimburse their business-related expenses.

7.    Plaintiffs allege in their Complaint that, at the time of the incidents alleged in this case, they all were "present and/or former residents and/or workers within the Sate of California" and were "current and/or former employees of Defendants."  *See* Complaint ¶ 8.  On information and belief, Plaintiffs are also citizens of the State of California.

8.    Defendant Diamond Parking, Inc. is incorporated under the laws of the State of Washington, with its principal place of business in Washington.  Defendant Diamond Parking Services LLC is organized under the laws of the state of Washington with its principal place of business in Washington.  All of the members of Diamond Parking Services LLC are citizens of states other than California.  As such, there is complete diversity between Plaintiffs, on the one hand, and Defendants, on the other.

DEFENDANTS' NOTICE OF REMOVAL
LAX 416022v7 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

9.      In their Complaint, Plaintiffs seek compensatory damages in an unknown amount, as well as statutory penalties, civil penalties, restitution, and punitive damages.  *See* Complaint ¶¶ 20 – 24, 35 – 37, 48 – 50, 54 – 55, 59 – 60, 63, 67, 72 – 73, 76 – 77, and 84 – 85, as well as the prayer for relief.  Plaintiffs also seek reimbursement of costs and attorneys' fees.

10.     Pursuant to 28 U.S.C. Section 1332(d)(2), this District Court has original jurisdiction over this civil action as the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and is a putative class action comprised of at least 100 members in which any member of the class of plaintiffs is a citizen of a state different from any defendant.  Indeed, Plaintiffs allege in their complaint that the putative class "will likely exceed 1,000 persons." *See* Complaint at ¶ 27.

11.     Defendants deny Plaintiffs' allegations and will vigorously oppose certification of the putative class.  For the purposes of establishing the jurisdictional predicates for removal, however, Defendants allege on information and belief that the aggregated amount in controversy in this action exceeds $5 million, and that the amount in controversy for each named plaintiff exceeds the sum or value of $75,000, exclusive of interest and costs.

12.     More specifically, on information and belief, Defendants allege that through a subsidiary, Diamond Paymaster LLC, a Washington Limited Liability Company, they have employed a total of approximately 450 non-exempt employees in California during the relevant four year period alleged in the Complaint.  *See* Declaration of Jan Sumner at ¶ 2, attached as Exhibit B and incorporated by reference.  The average rate of pay for non-exempt employees is $10 an hour and the average employment for non-exempt employees is 18 months (or 390 full-time shifts).  Therefore, assuming an average rate of pay for each of these non-exempt employees at $10 an hour, and further assuming that each non-exempt employee was employed with Defendants an average of 18 months (or 390 full-time shifts),

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the alleged additional wages for missed meal and rest periods under Cal. Labor Code 226.7 ($20 per day at $10 an hour) exceed $3.5 million.  *See* Declaration of Jan Sumner, at ¶ 2.  Further, the average of 18 months of employment represents 31 payroll periods for which 450 non-exempt employees allegedly can recover civil penalties of $100 per payroll period, or a total of approximately $1.4 million, *plus attorneys' fees*.  Additionally, on information and belief, Defendants allege that approximately 118 employees have left Defendants' employ during the four years before this action was commenced, arguably entitling each such employee to waiting-time penalties of up to 30 days of additional wages at an average of $10 per hour, or approximately $300,000 (118 employees at $80 per day for 30 days).  *See* Declaration of Jan Sumner, at ¶ 2.  On information and belief, Defendants allege that Plaintiffs' attorneys' fees in this class action likely will exceed $100,000.

13.    Thus, the aggregate amount in controversy totals at least $5 million, which does not include additional statutory penalties and attorneys' fees that Plaintiffs assert in the Complaint they are entitled, all of which must be included in calculating the amount in controversy for purposes of removal.  *See* 28 U.S.C. § 1332(d)(2).  *See also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (statutory penalties may be included in jurisdictional amounts); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992) (plaintiffs' pro rata share of statutory attorneys' fees included in jurisdictional amount).  Thus, the amount in controversy threshold of $5 million is satisfied.

14.    Moreover, removal of this action is proper under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441, in that the matter in controversy for each of the named plaintiffs exceeds the sum or value of $75,000, excluding interest and costs.  Although plaintiffs chose not to specify the amounts of damages sought by their class action Complaint, it is facially apparent from the face of the Complaint that the damages sought for each named plaintiff exceeds $75,000.  Where the complaint is silent on the amount of damages sought, the District Court "may

DEFENDANTS' NOTICE OF REMOVAL
LAX 416022v7 0053052-000029
4
**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

consider whether it is 'facially apparent' from the Complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Automobile Insurance Co.,* 116 F.3d 373, 377 (9th Cir. 1997). "In measuring the amount in controversy for purposes of diversity jurisdiction, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint . . ." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002) (citations omitted).

15.    Moreover, where Plaintiffs allege tort claims and seek both compensatory and punitive damages – which Plaintiffs have done in this action – courts have found it to be facially apparent that the matter in controversy exceeds $75,000.  *See White v. FCI USC, Inc*., 319 F.3d 672, 674 (5th Cir. 2003) (jurisdictional amount satisfied based on general damage allegations in complaint and plaintiff's admission that "it [was] possible that [damages] will exceed $75,000.00 at the time of trial"); *Luckett v. Delta Air Lines, Inc*. 171 F.3d 295, 298 (5th Cir. 1999)(jurisdictional amount satisfied based on general damage claims).

16.    Here, each of the named plaintiffs assert claims, *inter alia*, for missed meal periods, unpaid wages (including overtime), statutory and civil penalties, waiting-time penalties, and attorneys' fees.  Taking the allegations of the Complaint as true, and assuming the average wage rate ($10/hour) and length of employment (18 months) set forth in the Declaration of Jan Sumner as noted above, plus attorneys' fees and other available penalties, Defendants allege that each Plaintiff exceeds the jurisdictional minimum amount of $75,000.

17.    As there is complete diversity of citizenship and the amount in controversy exceeds $75,000 for each named plaintiff exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  Thus, for this reason too, this action is removable under 28 U.S.C. § 1441.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1      18.   Defendants certify that written notice of the filing of this Notice of

2 Removal will be promptly given to Plaintiff and to the Clerk of Court of the

3 Alameda Superior Court.

4      WHEREFORE, Defendants pray that the above-described civil action be

5 removed from the Superior Court of the State of California for the County of

6 Alameda to the United States District Court for the Northern District of California.

7

8 DATED:  July 10, 2007         DAVIS WRIGHT TREMAINE LLP
                                      John P. LeCrone

9                                     Camilo Echavarria

10

11                                 By:_____

12                                     John P. LeCrone

13                                 Attorneys for Defendants
                                    DIAMOND PARKING, INC. and

14                                 DIAMOND PARKING SERVICES, LLC

DEFENDANTS' NOTICE OF REMOVAL
LAX 416022v7 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## CERTIFICATE OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On July 10, 2007, I served the foregoing document(s) described as: **DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

A. Nicholas Georggin, Esq.
Carmine J. Pearl, II, Esq.
Bailey Pinney Georggin & Krutcik LLP
26021 Acero
Mission Viejo, CA 92691

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on July 10, 2007, at Los Angeles, California.

☐    State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Avis Jackson | |
| --- | --- |
| Print Name | Signature |

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899