**DECLARATION**

## DECLARATION OF JAN SUMNER IN SUPPORT
## OF DEFENDANTS' NOTICE OF REMOVAL

I, Jan Sumner, declare as follows:

1.    I am employed as the Vice-President of Human Resources by Diamond Paymaster LLC, a Washington Limited Liability Company with a principal place of business in Washington and wholly-owned subsidiary of Defendant Diamond Parking, Inc.  The other named Defendant, Diamond Parking Services, LLC does not employ any individuals.  The two entities named as Defendants are collectively referred to as ("Defendants").  I work in Seattle, Washington, and am not a party to this action.  I am familiar with the facts set forth in this declaration and could testify competently to them.

2.    As Vice-President of Human Resources, I am fully familiar with the payroll records maintained for Defendants' non-exempt employees in California.  From June 1, 2003 to June 1, 2007, Defendant Diamond Parking, Inc., by and through its wholly-owned subsidiary, Diamond Paymaster LLC, employed a total of approximately 450 non-exempt employees in California.  On information and belief, the non-exempt employees in California were employed on average approximately 18 months at an average hourly wage rate of $10.00 during the relevant time period alleged in Plaintiffs' Complaint.  On information and belief, no fewer than approximately 118 employees terminated from June 1, 2003 to June 1, 2007.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed on June 27 , 2007 at Seattle, Washington.



Jan Sumner

DECLARATION OF JAN SUMNER IN SUPPORT
OF DEFENDANTS' NOTICE OF REMOVAL
LAX 429056v3 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**EXHIBIT "A"**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
A. Nicholas Georggin, Esq (State Bar #170925)
KRUTCIK & GEORGGIN
26021 Acero, Mission Viejo, CA 92691
TELEPHONE NO.: (949) 367-8590       FAX NO.: (949) 367-8597
ATTORNEY FOR (Name): Plaintiffs, PAUL O'SULLIVAN, ET AL.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Central

CASE NAME:
Paul O'Sullivan, et al. v. Diamond Parking, Inc.

FILED BY FAX
ALAMEDA COUNTY
May 21, 2007
CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG07327116 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel       e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify): NINE (9)

5. This case [X] is [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 21, 2007

A. Nicholas Georggin, Esq.
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

## To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

## To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late Claim
Other Civil Petition

---

CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

*LexisNexis® Automated California Judicial Council Forms*

F. ADDENDUM TO CIVIL CASE COVER SHEET

Unlimited Jurisdiction Superior Court of California, County of Alameda

Case Number:

Short Title: **Paul O'Sullivan, et al. v. Diamond Parking, Inc.**

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[x] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | Alameda County Case Type (check only one) | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [x] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial      Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential     of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs      [ ] Yes    [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes    [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

LexisNexis® Automated California County Forms

Fax Server          5/22/2007 12:31:53 PM     PAGE  1/001     Fax Server
Case 3:07-cv-03389-VRW     Document 1-2     Filed 06/28/2007     Page 7 of 35
Fax Server

MAY. 21. 2007   3:11PM                                    NO. 5147   P. 5

COPY

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Diamond Parking, Inc., a Washington Corporation; Diamond Parking
Services, LLC, a Washington Limited Liability Company; and Does 1
through 500, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Paul O'Sullivan, Marie Brown, Keo Yang, Sarah Barsoum, Sirine Dalloul, Hany
Hawa, Monir Hawa, Constance Margerum, Diana Barlett, Yer Vang, and
Cherie Davis, individually, and all those similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED BY FAX
ALAMEDA COUNTY
May 21, 2007
CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO despues de que le entreguen esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remision a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniendose en contacto con la corte o el colegio de abogados locales.*

RG07327116

The name and address of the court is:
*(El nombre y direccion de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la direccion y el numero de telefono del abogado del demandante, o del demandante que no tiene abogado, es):*
A. Nicholas Georggin, Esq. (Bar # 170925)
KRUTCIK & GEORGGIN
26021 Acero, Mission Viejo, CA 92691

Phone No. (949) 367-8590
Fax No. (949) 367-8597

DATE:
*(Fecha):* May 21, 2007                     Clerk, by _____, Deputy
                                            *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Diamond Parking Inc, Washington Corporate
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 06/04/07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
LexisNexis® Automated California Judicial Council Forms

1 | **KRUTCIK & GEORGGIN**
A. Nicholas Georggin, Esq. (SBN 170925)
2 | Carmine J. Pearl, II, Esq. (SBN 217389)
26021 Acero
3 | Mission Viejo, CA 92691
(949) 367-8590;    (949) 367-8597 FAX
4 | ngeorggin@kglawoffices.com; cjpearl@kglawoffices.com

5 | Attorneys for Plaintiffs PAUL O'SULLIVAN, MARIE
BROWN, KEO YANG, SARAH BARSOUM, SIRINE
6 | DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE
MARGERUM, DIANA BARLETT, YER VANG, and CHERIE
7 | DAVIS, individually, and all those similarly situated,

**FILED BY FAX**
**ALAMEDA COUNTY**

May 21, 2007

**CLERK OF**
**THE SUPERIOR COURT**
By Rosanne Case, Deputy

**CASE NUMBER:**
**RG07327116**

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF ALAMEDA

10 |

| | |
|---|---|
| 11 PAUL O'SULLIVAN, MARIE BROWN, KEO YANG, SARAH BARSOUM, | ) CASE NO. |
| 12 SIRINE DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE | ) Judge:<br>) Dept: |
| 13 MARGERUM, DIANA BARLETT, YER VANG, and CHERIE DAVIS, | ) **PLAINTIFF'S CLASS ACTION COMPLAINT** |
| 14 individually, and all those similarly situated, | ) **FOR:** |
| 15 Plaintiffs, | ) (1) **FAILURE TO PAY WAGES FOR ALL**<br>) **TIME WORKED;**<br>) (2) **FAILURE TO PAY ALL OVERTIME** |
| 16 vs. | ) **WAGES;**<br>) (3) **FAILURE TO PAY MINIMUM WAGES;** |
| 17 DIAMOND PARKING, INC. , a | ) (4) **FAILURE TO PROVIDE REST AND**<br>) **MEAL PERIODS;** |
| 18 Washington Corporation; DIAMOND PARKING SERVICES, LLC, a | ) (5) **FAILURE TO REIMBURSE EXPENSES;**<br>) (6) **LATE PAYMENT OF ALL ACCRUED** |
| 19 Washington Limited Liability Company; and DOES 1 through 500, inclusive, | ) **WAGES AND COMPENSATION;**<br>) (7) **UNFAIR BUSINESS PRACTICES -** |
| 20 Defendants. | ) **PURSUANT TO BUSINESS &**<br>) **PROFESSIONS CODE SECTION 17200** |
| 21 | ) **et seq.;** |

(8) **CONVERSION OF ACCRUED WAGES**
**AND COMPENSATION; and**
(9) **VIOLATION OF CIVIL CODE SECTION**
**52.1.**
[*Labor Code* §§ 200, 201, 202, 203, 204, 208, 210,
216, 218.5, 218.6, 225.5, 226, 226.3, 226.7(a)(b),
2926, 2927, 500, 510, 512, 516, 558, 1174, 1174.5,
1194, 1194.2, 1197, 1197.1, 1198, 2802, IWC Wage
Order 9-2001, *Bus. & Prof.* Code § 17200, et seq.,
*Civ. Code* §§ 52 & 52.1, Code of Civ. Proc. § 382,
Cal. Rules of Court, rule 3.760, et seq.]

**JURY TRIAL DEMANDED**

On behalf of themselves, on behalf of former and current aggrieved employees of Defendants, and on behalf of the general public, PAUL O'SULLIVAN, MARIE BROWN, KEO YANG, SARAH BARSOUM, SIRINE DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE MARGERUM, DIANA BARLETT, YER VANG, and CHERIE DAVIS (hereinafter "PLAINTIFFS" or "WAGE-EARNERS"), complain and allege as follows:

## I.

## PRELIMINARY STATEMENT/SUMMARY OF ACTION

1.    WAGE-EARNERS file this action to recover wages and related sums including but not limited to, overdue and unpaid earned wages, overtime wages, minimum wages, statutory wages, and associated civil penalties for all present and former employees of Defendants, DIAMOND PARKING, INC., a Washington corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company; and DOES 1 through 500, inclusive (hereinafter collectively referred to herein as "DIAMOND PARKING" or "DEFENDANTS"). WAGE-EARNERS file this action to seek redress of wage/hour violations on behalf of those California employees who worked for DIAMOND PARKING and were classified as hourly, non-exempt employees in the State of California within the applicable statutory period.

2.    DIAMOND PARKING is engaged in the operation of automobile parking lots, garages, airport shuttle, valet, and self parking facilities of motor vehicles and various commercial real estate properties including hotels, office buildings, warehouses, storage facilities and boating marinas. DIAMOND PARKING's corporate office is located at 3161 Elliot Avenue, Seattle, Washington 89121. PLAINTIFFS allege that DIAMOND PARKING is one of the largest operators of parking lots and garages with large revenues because DIAMOND PARKING engages in shrewd and illegal business practices which exploits its work force by requiring WAGE-EARNERS to work long hours without proper pay, without proper rest breaks and/or meal periods, and under illegal/improper working conditions. DIAMOND PARKING intentionally under staffs its locations so that employees are forced to work long hours, without proper compensation and without proper rest breaks and/or meal periods.

1  In furtherance of its unfair and unlawful business activities, DIAMOND PARKING coerces and

2  intimidates its managerial and non-managerial workforce into complying with its illegal practices,

3  policies and procedures and deprives them of their statutory rights relating to working hours and the

4  payment of wages.

5      3.    WAGE-EARNERS have not been paid all wages when due under California law. WAGE-

6  EARNERS, pursuant to California's strong policy of assuring prompt and accurate payment of earned

7  wages, seek further appropriate recoveries, of all sums owed and due to WAGE-EARNERS including

8  but not limited to liquidated damages, punitive damages, costs of suit, attorneys' fees, interest, and other

9  relief the Court deems appropriate.

10     4.    DIAMOND PARKING, as described more fully herein, does not comply with California

11  wage and hour law, as it relates to paying employees, providing breaks, monitoring working conditions,

12  and performing other obligations, according to California's statutory labor scheme.  DIAMOND

13  PARKING fails to pay its employees properly, fails to provide accurate wage statements, fails to regulate

14  working hours, and fails to provide proper rest breaks and/or meal periods. DIAMOND PARKING also

15  requires its employees to work in excess of 8 hours per day and/or 40 hours per week, without

16  compensating its employees at the premium "overtime" rate(s) of pay required by California law.

17     5.    By forcing employees to work overtime without proper pay, DIAMOND PARKING

18  violated California law, and reaped increased, albeit illegal, profits through the use of such

19  unlawful/prohibited activity.

20     6.    DIAMOND PARKING failed and continues to fail to pay WAGE-EARNERS, and other

21  employees whose employment has ended (either by termination or voluntarily), all earned wages and all

22  incurred expenses when required by California Labor Code sections 201, 202 , 203, 210, 2802, 2926 and

23  2927, and IWC Wage Orders, including but not limited to, 9-2001, entitling WAGE-EARNERS and all

24  other similarly situated former employees in the class to unpaid/lost wages, overtime, premium pay,

25  statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as authorized by

26  California law.  By virtue of DEFENDANTS' practices set forth herein, DEFENDANTS violated

27  California law, exploited its work force, and reaped illegal profits.

28

## II.

## PARTIES

7.    WAGE-EARNERS, current and former employees of DIAMOND PARKING within the relevant statutory period, allege the following information about the parties to the case.

8.    WAGE-EARNERS are, and at all relevant times referenced herein, present and/or former residents and/or workers within the State of California. WAGE-EARNERS are current and/or former employees of Defendants, DIAMOND PARKING, INC., a Washington corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company; and DOES 1 through 500, inclusive. WAGE-EARNERS are/were employed by DIAMOND PARKING in California during the applicable statute of limitations period, and/or terminated their employ within said time.

9.    WAGE-EARNERS allege, upon information and belief, that Defendant, DIAMOND PARKING, INC., is, at all times referenced herein, a Washington corporation authorized to, and doing business in the State of California.

10.    WAGE-EARNERS allege, upon information and belief, that Defendant, DIAMOND PARKING SERVICES, LLC, is, at all times referenced herein, a Washington Limited Liability Company authorized to, and doing business in the State of California.

11.    WAGE-EARNERS allege that Defendants, DIAMOND PARKING, INC., a Washington corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company; and DOES 1 through 500 inclusive, acted together in committing the violations of the California Labor Code, Wage Orders, and other laws/regulations alleged herein.

12.    WAGE-EARNERS bring this action individually, as a representative action, and on behalf of a class consisting of similarly situated current and former employees of DIAMOND PARKING who currently and/or formerly work/worked in the State of California, and on behalf of the general public.

13.    The true names and capacities of DEFENDANTS, DOES 1-500, inclusive, are presently unknown to WAGE-EARNERS, who therefore sue said DEFENDANTS by such fictitious names. WAGE-EARNERS will seek leave of court to amend this Complaint to insert the true names and capacities of said fictitiously named DEFENDANTS when the same have been ascertained.

14. WAGE-EARNERS are informed and believe, and thereon allege, that at all relevant times herein mentioned, each of the DEFENDANTS was the agent, representative, principal, servant, employee, partner, alter ego, joint venture, successor-in-interest, assistant, and/or consultant of each and every remaining DEFENDANT, and as such, was at all times acting within the course, scope, purpose and authority of said agency, partnership and/or employment, and with the express or implied knowledge, permission, authority, approval, ratification and consent of the remaining DEFENDANTS, and each DEFENDANT was responsible for the acts alleged herein, were "employers" as set forth by California and other applicable law, and all DEFENDANTS herein were also negligent and reckless in the selection, hiring, and supervision of each and every other DEFENDANT as an agent, representative, principal, servant, employee, partner, alter ego, joint venturer, successor-in-interest, assistant, and/or consultant.

## III.

## JURISDICTION AND VENUE

15. PLAINTIFFS allege, upon information and belief, that the DIAMOND PARKING Defendants are, at all times referenced herein, foreign corporations authorized to and doing business in the State of California. This Court is the proper Court, and this action is properly filed in this County because DIAMOND PARKING maintains offices and transacts business within the County of Alameda, during the relevant statutory period. Also, WAGE-EARNERS were employed by DIAMOND PARKING in the State of California.

16. WAGE-EARNERS disclaim any cause of action arising under the Constitution, treaties or other laws of the United States, including but not limited to any claim arising from an act or omission on a Federal enclave or by any officer of the United States or any agent or person acting on behalf of such individual. No claim under an admiralty or maritime law is alleged. To the extent this paragraph conflicts with any other allegations herein, this paragraph controls.

///

///

///

---

PLAINTIFFS' CLASS ACTION COMPLAINT
-5-

## IV.

## COMMON ALLEGATIONS

17.     As set forth in detail herein, WAGE-EARNERS file this action pursuant to California wage and hour case/statutory law, IWC Wage Orders, California Business and Professions Code sections 17200, et. seq., and the provisions of California Law relating to Class Action joinder, including but not limited to, Code of Civil Procedure section 382 and California Rules of Court, rule 3.760, et seq. Common questions of fact and law exist as to all class members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected WAGE-EARNERS and all putative class members. Based on information and belief, the members of the class may exceed thousands of persons, and that number may increase depending upon employee turnover.

18.     PAUL O'SULLIVAN, MARIE BROWN, KEO YANG, SARAH BARSOUM, SIRINE DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE MARGERUM, DIANA BARLETT, YER VANG, CHERIE DAVIS and those similarly situated current and former employees of DIAMOND PARKING, were hired at various non-exempt hourly positions during their employment with DIAMOND PARKING. WAGE-EARNERS work/worked at various locations throughout the State of California. WAGE-EARNERS worked for DIAMOND PARKING during the applicable statute of limitations period, and/or terminated their employ within said time.

19.     DIAMOND PARKING failed to properly compensate its employees for all hours worked, and failed to comply with California's overtime compensation requirements. DIAMOND PARKING failed to provide WAGE-EARNERS rest breaks and/or meal periods as required by California law. WAGE-EARNERS worked for DIAMOND PARKING and are owed wages. WAGE-EARNERS were exploited and required/forced to work without pay and "Off-the-Clock" (hereinafter, the practice of making employees work while circumventing time-clock documentation will be referred to as "Off-the-Clock"). DIAMOND PARKING's practice of working employees Off-the-Clock permitted DIAMOND PARKING to exploit its employees by receiving labor, and then not paying employees for all hours worked. When WAGE-EARNERS' employment was terminated with DIAMOND PARKING,

1  DIAMOND PARKING also failed to make immediate payment of all wages due as required by California

2  law.

3       20.    DIAMOND PARKING's actions in failing to provide rest breaks and/or meal periods,

4  wages for all time worked, statutory overtime wages, Off-the-Clock wages, and all accrued pay when due

5  upon termination of employment, was in violation of California law, and was willful.  DIAMOND

6  PARKING's actions, detailed above, were part of a statewide and/or nationwide corporate plan and

7  scheme which affected all employees who worked in Company-owned locations.  As a direct and

8  proximate result of DIAMOND PARKING's illegal, company-wide plan, practice and scheme, each of

9  the WAGE-EARNERS were: (A) required to work overtime without "overtime" and/or "premium" pay;

10  (B) not paid wages for all hours worked; (C) required to work through mandatory rest breaks and/or meal

11  periods;  (D) not properly paid for all hours worked and required to work Off-the-Clock without

12  compensation; (E) not paid all wages due upon termination of employment; (F) not properly reimbursed

13  for employment-related expenses; (G) victimized by DIAMOND PARKING's coercive and intimidating

14  policies and practices are set forth herein.  WAGE-EARNERS are entitled to recover unpaid/lost wages,

15  overtime wages, premium pay, statutory wages and related sums, civil penalties, attorneys' fees and costs,

16  and interest as authorized by California law.

17       21.    While WAGE-EARNERS were employed at DIAMOND PARKING, DIAMOND

18  PARKING required WAGE-EARNERS to work in excess of 8 hours per day and/or 40 hours per week,

19  without compensating its employees at the premium rate(s) of pay required by California law, including

20  but not limited to, Labor Code sections 500, 510, 1194, 1198, 2926 and 2927, and applicable IWC wage

21  orders.  This work includes Off-the-Clock work as well as work performed before, during and after

22  regular business hours.  By forcing employees to work overtime without proper "premium" pay,

23  DIAMOND PARKING violated the overtime rate requirements as mandated by California law.

24       22.    While WAGE-EARNERS were employed at DIAMOND PARKING, DIAMOND

25  PARKING required its employees to work hours for which it did not compensate them at the minimum

26  rate of pay for all hours worked when those wages were due.  In so doing, DIAMOND PARKING

27

28

1   violated the requirements of California law including, but not limited to, California Labor Code sections

2   1197, 2926 and 2927, and applicable IWC wage orders.

3         23.     DIAMOND PARKING also failed to give their employees appropriate rest and meal

4   periods as required by California law, including but not limited to, California Labor Code sections 226.7,

5   516, 2926, 2927, and applicable IWC wage orders.

6         24.     DIAMOND PARKING failed to pay WAGE-EARNERS and other employees whose

7   employment has ended, either by termination or voluntary resignation, all earned wages when required

8   by California Labor Code sections 201, 202 , 203, 210, 2802, 2926 and 2927, and applicable IWC wage

9   orders, entitling WAGE-EARNERS to statutory late-pay wages, related sums, civil penalties, attorneys'

10  fees and costs, and interest as authorized by California law.

11

12                                    **V.**

13                      **CLASS ACTION ALLEGATIONS**

14              **(C.C.P. § 382, Cal. Rules of Court, rule 3.760, et seq.)**

15        25.     WAGE-EARNERS seek class certification pursuant to California wage and hour

16  case/statutory law, IWC wage orders including but not limited to, 9-2001, and the provisions of

17  California Law relating to Class Action joinder, including but not limited to, Code of Civil Procedure

18  section 382 and California Rules of Court, rule 3.760, et seq., as set forth below.

19        26.     **DEFINITION OF CLASS** - All those hourly, non-exempt WAGE-EARNERS, who

20  worked for DIAMOND PARKING in the State of California within the applicable statutory period, and

21  who were not paid all wages when due, seek class certification pursuant to California wage and hour

22  case/statutory law, IWC Wage Orders, including but not limited to, 9-2001, and provisions of California

23  Law relating to Class Action joinder, including but not limited to, Code of Civil Procedure section 382

24  and California Rules of Court, rule 3.760, et seq, in conjunction with the following subclasses:

25        A.     **UNPAID WAGES SUBCLASS** - All those hourly, non-exempt WAGE-

26  EARNERS, who worked for DIAMOND PARKING in the State of California within the applicable

27

28

1  statutory period, and were not paid all their wages earned, who were not provided accurate wage

2  statements, and who have wage amounts that remain due and unpaid.

3         B.    OVERTIME SUBCLASS - All those hourly, non-exempt WAGE-EARNERS,

4  who worked for DIAMOND PARKING in the State of California within the applicable statutory period,

5  and were not paid at the applicable premium rate of pay for all hours worked in excess of the statutory

6  maximum hours per day, and in excess of the statutory maximum hours per week, who were not

7  provided accurate wage statements, and who have overtime wage amounts that remain due and unpaid.

8         C.    MINIMUM WAGE SUBCLASS - All those hourly, non-exempt WAGE-

9  EARNERS, who worked for DIAMOND PARKING in the State of California within the applicable

10 statutory period, and whose wages for all hours worked were paid at a rate less than the minimum wage

11 rate then in effect, not paid for "Off-The-Clock" work, who were not provided accurate wage statements,

12 and who have minimum wage amounts that remain due and unpaid.

13        D.    UNPAID REST PERIOD SUBCLASS -All those hourly, non-exempt WAGE-

14 EARNERS, who worked for DIAMOND PARKING in the State of California within the applicable

15 statutory period, and did not receive required rest periods as required by California law, including but not

16 limited to, Labor Code sections 226.7 and 516, and IWC Wage Orders, including but not limited to, 4-

17 2001 and 7-2001, and who have rest period wage amounts that remain due and unpaid.

18        E.    UNPAID MEAL PERIOD SUBCLASS - All those hourly, non-exempt WAGE-

19 EARNERS, who worked for DIAMOND PARKING in the State of California within the applicable

20 statutory period, and who did not receive required meal periods as required by California law, including

21 but not limited to, Labor Code sections 226.7, 512 and 516, and IWC Wage Orders, including but not

22 limited to, 4-2001 and 7-2001, who were not provided accurate wage statements, and who have meal

23 period wages that remain due and unpaid.

24        F.    UN-REIMBURSED/LATE EXPENSES SUBCLASS - All those hourly, non-

25 exempt WAGE-EARNERS, who worked for DIAMOND PARKING in the State of California within

26 the applicable statutory period and who were not fully and/or timely reimbursed for all incurred

27 employment-related expenses as required by California law, including but not limited to, Labor Code

28

1  sections 2802, and IWC Wage Orders, including but not limited to, 9-2001, who were not provided

2  accurate wage statements, and who have reimbursable expenses that remain due and unpaid.

3    G.    **LATE PAYMENT CLASS** - All those hourly, non-exempt WAGE-EARNERS,

4  who worked for DIAMOND PARKING in the State of California within the applicable statutory period,

5  and who did not receive all wages when due as required by California law, including but not limited to,

6  California Labor Code sections 201, 202, 203, 208 and 2926.

7    27.    **NUMEROSITY** - DIAMOND PARKING is the oldest parking company in the world.

8  Over the statutory period, the total number of WAGE-EARNERS, based on information and belief, will

9  likely exceed 1,000 persons.  The number of putative class members may increase, depending upon the

10  turnover rate for employees over the applicable statutory period prior to the filing of the Complaint.  In

11  light of the above, the above class easily satisfies the numerosity requirement.

12    28.    **COMMON QUESTIONS OF LAW AND FACT** - As set forth herein, common

13  questions of fact and law exist as to all class and subclass members and these common issues

14  predominate over any questions that affect only individual class members, making individual actions

15  impractical. The common illegal conduct/activity of DIAMOND PARKING at issue in this case relates

16  to overdue and unpaid earned wages, overtime wages, minimum wages, rest breaks and/or meal periods,

17  un-reimbursed expenses, statutory wages, late pay wages, and civil penalties associated for all present

18  and former employees of DIAMOND PARKING.

19    29.    **REPRESENTATION BY WAGE-EARNERS** - As set forth in detail herein, the named

20  Plaintiffs will fairly and adequately represent the class in that:

21        A.    There is no conflict between the named Plaintiffs' claims and those of other class

22            and subclass members.

23        B.    The named Plaintiffs have retained counsel who are skilled and experienced in

24            wage and hour cases and in class actions and who will vigorously prosecute this

25            litigation.

26        C.    The named Plaintiffs' claims are typical of the claims of other class and subclass

27            members.

28

---

**PLAINTIFFS' CLASS ACTION COMPLAINT**
-10-

30.    **CERTIFICATION** - As set forth in detail herein, certification of WAGE-EARNERS' claims as a class action pursuant to California Law relating to Class Action joinder (including but not limited to Code of Civil Procedure section 382 and California Rules of Court, rule 3.760, et seq.) is appropriate because common questions of law and fact predominate over questions affecting only individual members.

A.    Common questions of law and fact include, but are not limited to:

1.    Whether WAGE-EARNERS are subject to the protection of California's wage and hour statutes?

2.    Whether DIAMOND PARKING failed to pay WAGE-EARNERS for all hours worked?

3.    Whether DIAMOND PARKING allowed, suffered, permitted and/or required WAGE-EARNERS to perform work, for which it failed to pay all wages due?

4.    Whether DIAMOND PARKING paid WAGE-EARNERS at a rate that was less than the minimum wage rate for all hours worked?

5.    Whether DIAMOND PARKING failed to compensate WAGE-EARNERS at the applicable premium overtime rate of pay for all hours worked in excess of the statutory maximum hours per day and/or statutory maximum hours per week?

6.    Whether DIAMOND PARKING failed to provide WAGE-EARNERS rest breaks and/or meal periods as required by California law?

7.    Whether DIAMOND PARKING failed to fully and/or timely reimburse WAGE-EARNERS for all employment-related expenses as required by California law?

8.    Whether DIAMOND PARKING failed to timely pay WAGE-EARNERS all accrued wages after termination of employment when those wages were due?

9.    Whether DIAMOND PARKING is subject to all available remedies for its violations of California wage and hour laws?

10.    Whether DIAMOND PARKING failed to keep accurate records of WAGE-EARNERS' hours worked?

11.    Whether DIAMOND PARKING's conduct constitutes illegal and/or unfair competition pursuant to Unfair Competition Law?

12.    Whether DIAMOND PARKING converted the wages of WAGE-EARNERS?

13.    Whether DIAMOND PARKING used force, coercion, intimidation, and other unlawful means to deprive WAGE-EARNERS of their statutory rights for the prompt and accurate payment of wages?

B.    The forum is convenient to the parties, class members, and potential witnesses. The class is specifically identifiable to facilitate provisions of adequate notice, and there will be no significant problems managing this case as a class action.

C.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because this action is the best method to adjudicate these common claims. Further the individual class members have minimal interest in controlling the prosecution of separate actions, and the prosecution of individual actions is impractical.

31.    **TYPICALITY** - The claims of the named Plaintiffs, PAUL O'SULLIVAN, MARIE BROWN, KEO YANG, SARAH BARSOUM, SIRINE DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE MARGERUM, DIANA BARLETT, YER VANG, and CHERIE DAVIS, are typical of the claims of the members of the wage and hour class in that:

A.    The named Plaintiffs are members of the class of employees sought to be represented.

B.    The named Plaintiffs' claims stem from the same practice and/or course of conduct that forms the basis of the class claims.

C. The named Plaintiffs' claims are based upon the same legal and remedial theories as those of the class and involve the same or similar factual circumstances.

D. There is no antagonism between the interests of the named Plaintiffs and absent class members.

E. The injuries which the named Plaintiffs suffered are the same or similar to the injuries which the class members have suffered.

32. **SUPERIORITY** - A class action is superior to other available means for the fair and efficient adjudication of this controversy since the individual joinder of all class members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that separate individual actions would engender. Individual litigation would overburden the court system and present the potential for inconsistent and/or contradictory judgments. A class action will also serve an important public purpose of enforcing California's wage-protection statutes and ensure the full, prompt, and accurate payment of wages. Further, as the damages suffered by each individual class member may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs alleged herein.

## VL

## FIRST CAUSE OF ACTION

## FAILURE TO PAY WAGES FOR ALL TIME WORKED

### (Alleged against all DEFENDANTS)

33. WAGE-EARNERS incorporate all of the allegations in this Complaint as though fully set forth herein.

34. DIAMOND PARKING has a policy and/or practice of not recording all time worked by its hourly employees. DIAMOND PARKING maintains a policy and/or practice of not timely compensating its hourly employees appropriately for all time worked, overtime, regular time, meal and rest periods, and work spent at DIAMOND PARKING locations. Further, DIAMOND PARKING's

1   policy and practice systematically reduces the daily time recorded by its hourly employees. Additionally,

2   DIAMOND PARKING's policy and /or practice circumvents California's employment laws designed

3   to protect employee working conditions. DIAMOND PARKING also therefore failed to provide WAGE-

4   EARNERS with accurate time records and earnings statements as required by Labor Code section 226

5   and IWC Wage Orders, including but not limited to, 9-2001.

6       35.    WAGE-EARNERS are informed and believe and thereon allege that all WAGE-

7   EARNERS were affected by DIAMOND PARKING's practices. DIAMOND PARKING paid WAGE-

8   EARNERS based upon DIAMOND PARKING's own faulty recorded time which did not reflect the

9   actual time worked, resulting in a failure to pay wages for time worked.

10      36.    WAGE-EARNERS have been required to bring this action to recover unpaid/lost wages,

11  statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as authorized by

12  California law.

13      37.    WAGE-EARNERS seek all unpaid wages in an amount to be determined, statutory wages

14  and related sums, civil penalties, attorneys' fees and costs, liquidated damages, disbursements, and

15  interest as provided by California law, including but not limited to Labor Code sections 203, 226, 558,

16  1194, 1194.2, 1197, 1197.1, 2802, and IWC Wage Orders, including but not limited to, 9-2001.

17  Additionally, DIAMOND PARKING's actions were oppressive, fraudulent and malicious, thereby

18  entitling WAGE-EARNERS to an award of punitive damages in an amount appropriate to punish and

19  make an example of DIAMOND PARKING pursuant to Civil Code section 3294.

20

21                          **VII.**

22                    **SECOND CAUSE OF ACTION**

23              **FAILURE TO PAY ALL OVERTIME WAGES**

24                  **(As against all DEFENDANTS)**

25      38.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as

26  though fully set forth herein.

27

28

—————————————————————————————
PLAINTIFFS' CLASS ACTION COMPLAINT
-14-

39. During the course of WAGE-EARNERS' employment DIAMOND PARKING allowed, suffered and permitted WAGE-EARNERS and overtime class members to work in excess of the statutory maximum hours per day and in excess of the statutory maximum hours per week without proper compensation. At all material times herein, DIAMOND PARKING had a policy and practice encouraging and requiring employees to clock out, and yet remain working for DIAMOND PARKING in excess of the maximum statutory hours per day and/or per week, thereby depriving employees of mandated overtime pay. DIAMOND PARKING also had a company policy and practice of requiring "approval" of overtime which was so rigorous, stringent, and intimidating, that it resulted in employees working overtime without receiving premium pay as required by law.

40. DIAMOND PARKING was required to pay WAGE-EARNERS and overtime class members, premium overtime pay for all hours worked in excess of the statutory maximum hours per day and in excess of the statutory maximum hours per week, but failed to do so.

41. DIAMOND PARKING's failure to pay WAGE-EARNERS and overtime class members for all hours worked in excess of the statutory maximum hours per day and in excess of the statutory maximum hours per week was willful, and overtime wages remain due and unpaid in amounts to be determined. Additionally, DIAMOND PARKING failed to provide WAGE-EARNERS with accurate time records and earnings statements as required by Labor Code section 226 and IWC Wage Orders, including but not limited to, 9-2001.

42. WAGE-EARNERS, on their behalf, and on behalf of the overtime class members seek to recover unpaid/lost wages, overtime wages, premium pay, statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as authorized by California law including, but not limited to, Labor Code sections 203, 218.6, 500, 510, 1194, and 1198. Additionally, DIAMOND PARKING's actions were oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of punitive damages in an amount appropriate to punish and make an example of DIAMOND PARKING pursuant to Civil Code section 3294.

VIII.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (As against all DEFENDANTS)

43.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though fully set forth herein.

44.    At all material times herein, WAGE-EARNERS were employed by DIAMOND PARKING in the State of California.

45.    During the course of WAGE-EARNERS' employment, DIAMOND PARKING allowed, suffered and permitted WAGE-EARNERS to perform work for the benefit of DIAMOND PARKING without compensating WAGE-EARNERS for all hours worked.

46.    Pursuant to California law, including but not limited to, California Labor Code section 1197 and IWC Wage Orders, including but not limited to, 9-2001, DIAMOND PARKING was required to pay WAGE-EARNERS at the then-prevailing State of California minimum wage rate for all hours worked.

47.    DIAMOND PARKING failed and refused to pay WAGE-EARNERS and minimum wage class members at the State of California minimum wage rates or any wage for all hours worked when those wages were due, and there remains due and owing minimum wages in an amount to be determined. Specifically, and by way of illustration, DIAMOND PARKING fostered a work environment which required employees to work while not clocked in, commonly known as working "Off-The-Clock". Additionally, DIAMOND PARKING failed to provide WAGE-EARNERS with accurate time records and earnings statements as required by Labor Code section 226 and IWC Wage Orders, including but not limited to, 9-2001.

48.    WAGE-EARNERS have been required to bring this action to recover minimum wages, unpaid/lost wages, statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as authorized by California law.

---

49.   As a result of DIAMOND PARKING's failure to pay WAGE-EARNERS at the minimum wage rate for all hours worked, when those wages were due, WAGE-EARNERS, pursuant to California law, including but not limited to California Labor Code sections 218.6, 1194, 1194.2, 1197, 1197.1 and IWC Wage Orders, are entitled to civil penalties, liquidated damages, interest, costs and attorneys' fees.

50.   WAGE-EARNERS seek all unpaid minimum wages in an amount to be determined, unpaid/lost wages, statutory wages and related sums, civil penalties, attorneys' fees and costs, liquidated damages, disbursements, and interest as provided by California law.   Additionally, DIAMOND PARKING's actions were oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of punitive damages in an amount appropriate to punish and make an example of DIAMOND PARKING pursuant to Civil Code section 3294.

## IX.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

### (As against all DEFENDANTS)

51.   WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though fully set forth herein.

52.   The California Labor Code and IWC Wage Orders provide for minimum employment conditions to be followed by all employers within the State of California. California law, including but not limited to, California Labor Code sections 226.7 and 516, and IWC Wage Orders, including but not limited to, 9-2001, require that employees receive a paid rest break of not less than ten (10) minutes for each period of four hours worked.

53.   At all material times herein, DIAMOND PARKING failed to provide WAGE-EARNERS uninterrupted rest periods of not less than ten (10) minutes as required, in violation of California law, including but not limited to, California Labor Code sections 226.7 and 516, and IWC Wage Orders, including but not limited to, 9-2001, and failed to pay WAGE-EARNERS for those rest periods not provided, plus statutory wages and related sums. DIAMOND PARKING locations were understaffed

1  which required WAGE-EARNERS to work through their breaks. DIAMOND PARKING locations were

2  too busy for the number of employees working and as a result, WAGE-EARNERS were required to forgo

3  their breaks entirely or perform work during their break time. WAGE-EARNERS' breaks were routinely

4  interrupted because of the busy nature of the stores, and the understaffed work force. Additionally,

5  DIAMOND PARKING failed to provide WAGE-EARNERS with accurate time records and earnings

6  statements as required by Labor Code section 226 and IWC Wage Orders, including but not limited to,

7  9-2001.

8       54.    As a result of DIAMOND PARKING's failure to provide rest periods as required, WAGE-

9  EARNERS are entitled to recover wages for those rest periods that were not provided, plus statutory

10  wages and related sums.

11       55.    WAGE-EARNERS seek unpaid wages for DIAMOND PARKING's failure to provide

12  rest periods as required, statutory wages and related sums, civil penalties, plus attorneys' fees and costs,

13  interest, liquidated damages and disbursements pursuant to California law. Additionally, DIAMOND

14  PARKING's actions were oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to

15  an award of punitive damages in an amount appropriate to punish and make an example of DIAMOND

16  PARKING pursuant to Civil Code section 3294.

17

18                         X.

19              **FIFTH CAUSE OF ACTION**

20        **FAILURE TO PROVIDE MEAL PERIODS**

21           **(As against all DEFENDANTS)**

22       56.    WAGE-EARNERS incorporate all of the common allegations contained in this Complaint

23  as though fully set forth herein.

24       57.    The California Labor Code and IWC wage orders provide for minimum employment

25  conditions to be followed by all employers within the State of California. California law, including but

26  not limited to, California Labor Code sections 226.7, 512, and 516, and IWC Wage Orders, including but

27

28

1  not limited to, 9-2001, require that employees receive an uninterrupted meal period of not less than thirty

2  (30) minutes for each shift of five hours or more.

3      58.    At all material times herein, DIAMOND PARKING failed to provide WAGE-EARNERS

4  with uninterrupted meal periods of not less that thirty (30) minutes as required, and in violation of

5  California law, including but not limited to, California Labor Code sections 226.7, 512, and 516, and

6  IWC Wage Orders, including but not limited to, 9-2001 and failed to pay WAGE-EARNERS for those

7  meal periods not provided. DIAMOND PARKING locations were understaffed which required WAGE-

8  EARNERS to work through their meal periods. DIAMOND PARKING locations were too busy for the

9  number of employees working and as a result, WAGE-EARNERS were required to forgo their meal

10  period entirely or to work during their meal time. WAGE-EARNERS' meal periods were routinely

11  interrupted because of the busy nature of the locations, and the understaffed work force. DIAMOND

12  PARKING's policy and practice required WAGE-EARNERS to eat their meals in short intervals between

13  work interruptions. Meal periods were often shortened or not provided at all. Additionally, DIAMOND

14  PARKING failed to provide WAGE-EARNERS with accurate time records and earnings statements as

15  required by Labor Code section 226 and IWC Wage Orders, including but not limited to, 9-2001.

16      59.    As a result of DIAMOND PARKING's failure to provide meal periods as required,

17  WAGE-EARNERS are entitled to recover wages for those meal periods that were not provided, plus

18  statutory wages and related sums.

19      60.    WAGE-EARNERS seek unpaid wages for missed meal periods, statutory wages and

20  related sums, civil penalties, plus attorneys' fees and costs, interest, liquidated damages and

21  disbursements pursuant to California law, including but not limited to, California Labor Code sections

22  218.5, 218.6, 226.7, 512, 516, 558, and IWC Wage Orders, including but not limited to, 9-2001.

23  Additionally, DIAMOND PARKING's actions were oppressive, fraudulent and malicious, thereby

24  entitling WAGE-EARNERS to an award of punitive damages in an amount appropriate to punish and

25  make an example of DIAMOND PARKING pursuant to Civil Code section 3294.

26

27

28

## XI.

## SIXTH CAUSE OF ACTION

## FAILURE TO REIMBURSE EMPLOYMENT-RELATED EXPENSES

### (As against all DEFENDANTS)

61.   WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though fully set forth herein.

62.   California law requires that employers reimburse or indemnify employees for all expenses incurred in direct consequence of their duties or of their obedience of the employers' directions. During their employment with DIAMOND PARKING, WAGE-EARNERS were required to spend their own, hard-earned money in order to perform their work. DIAMOND PARKING never paid for or reimbursed WAGE-EARNERS for the employment-related expenses they incurred for the benefit of DIAMOND PARKING.

63.   WAGE-EARNERS seek reimbursement for monies all expended by WAGE-EARNERS, all unpaid wages, statutory wages and related sums, civil penalties, attorneys' fees and costs, liquidated damages, disbursements, and interest as provided by California law, including but not limited to Labor Code section 2802, 29 C.F.R. § 778.217, and IWC wage orders, including but not limited to, 9-2001. Additionally, DIAMOND PARKING's actions were oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of punitive damages in an amount appropriate to punish and make an example of DIAMOND PARKING pursuant to Civil Code section 3294.

## XII.

## SIXTH CAUSE OF ACTION

## LATE PAYMENT OF ALL ACCRUED WAGES AND COMPENSATION

### (As against all DEFENDANTS)

64.   WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though fully set forth herein.

65.    California law requires that employers pay their employees all earned wages on a timely basis, including when employees separate from employment.  DIAMOND PARKING is required by California Law, including but not limited to Labor Code sections 201, 202 and 208, to deliver final paychecks for employees who separate from employment according to a strict, mandatory time line. WAGE-EARNERS are informed and believe and thereon allege that DIAMOND PARKING failed to deliver final paychecks to its employees in a timely manner as mandated by California law.  DIAMOND PARKING had a policy and practice which required its employees who separated from employment to wait until the "next payroll cycle" to receive his or her accrued wages.

66.    DIAMOND PARKING's failure to pay WAGE-EARNERS' and late pay class members' wages when due was willful, and continued for a period of time to be determined.

67.    Because of DIAMOND PARKING's willful failure to timely make payment of WAGE-EARNERS' and late pay class members' wages when due, WAGE-EARNERS and late pay class members are due late-pay wages for up to 30 days as provided by California law, in amounts to be determined at the time of trial.  WAGE-EARNERS are also entitled to recover statutory wages and related sums, civil penalties, plus attorneys' fees and costs, interest, liquidated damages and disbursements pursuant to California law.  Additionally, DIAMOND PARKING's actions were oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of punitive damages in an amount appropriate to punish and make an example of DIAMOND PARKING pursuant to Civil Code section 3294.

## XII.

### SEVENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES PURSUANT TO BUSINESS & PROFESSIONS CODE

### SECTION 17200, ET SEQ.

#### (As against all DEFENDANTS)

68.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though fully set forth herein.

---

PLAINTIFFS' CLASS ACTION COMPLAINT
-21-

69.    Within the applicable statutory period prior to the filing of this complaint, DIAMOND PARKING failed to comply with the Wage and Hour provisions of the State of California, as set forth herein.  DIAMOND PARKING's failure to comply with such wage/hour provisions of law created an illegal, unwarranted and unfair economic windfall to the improper benefit of DIAMOND PARKING.

70.    WAGE-EARNERS, individually, and on behalf of the general public, allege that at all relevant times DIAMOND PARKING's actions, including, but not limited to, its violations of California Law and the California Labor Code, as set forth herein, constitute a continuing and ongoing unfair and unlawful activity prohibited by Business & Professions Code section 17200, et seq., and justify the issuance of an order disgorging wrongfully withheld wages and other related sums by DIAMOND PARKING. The unlawful business practices of DIAMOND PARKING are likely to continue to mislead the public (that employees are being paid in accordance with the California Labor Code and not subjected to illegal policies and practices).  The unlawful business practices of DIAMOND PARKING present a continuing threat to the public, and unfair business practice of avoiding wage obligations and expenses. These violations constitute a threat and unfair business policy.  The Court is authorized to order an injunction, and/or disgorgement of fees to affected members of the public as a remedy for any violations of Business & Professions Code section 17200, et seq.  WAGE-EARNERS allege that DIAMOND PARKING violated numerous California Labor Code statutes.

71.    DIAMOND PARKING has engaged in unfair business practices in California by utilizing the illegal employment practices outlined above, including, but not limited to, causing and permitting WAGE-EARNERS to work for the benefit of DIAMOND PARKING without proper compensation, not properly paying WAGE-EARNERS for time worked, failing to provide WAGE-EARNERS mandatory rest breaks and meal periods, failing to timely and/or fully reimburse WAGE-EARNERS for employment-related expenses, failing to timely pay all wages when due upon termination of employment, and failing to compensate WAGE-EARNERS for other sums due for labor, fees and penalties according to California Law.  DIAMOND PARKING also failed to provide WAGE-EARNERS with accurate time records and earnings statements as required by Labor Code section 226 and IWC Wage Orders, including but not limited to, 9-2001. DIAMOND PARKING's employment conduct constitutes an unfair business

1  practice, unfair competition, and provides an unfair advantage over DIAMOND PARKING's

2  competitors. WAGE-EARNERS seek full restitution and disgorgement of said monies from DIAMOND

3  PARKING, as necessary and according to proof, to restore any and all monies withheld, acquired, or

4  converted by DIAMOND PARKING by means of the unfair practices complained of herein.

5          72.     WAGE-EARNERS allege that the actions of DIAMOND PARKING, as alleged herein,

6  have caused, and continue to cause WAGE-EARNERS to suffer an injury in fact and lose money and/or

7  property as a result of such unfair competition. WAGE-EARNERS further allege that at all relevant

8  times DIAMOND PARKING engaged in unlawful, deceptive and unfair business practices prohibited

9  by Business & Professions Code sections 17200, et seq., including those set forth herein, thereby

10  depriving WAGE-EARNERS and the public of the minimum working conditions and standards due them

11  under California Labor Laws and IWC Wage Orders.

12          73.     As a direct and proximate result of DIAMOND PARKING's conduct, as alleged herein,

13  DIAMOND PARKING has received and continues to receive WAGE-EARNERS' labor without proper

14  and adequate compensation as provided for by California law, and has illegally retained accrued wages,

15  statutory wages, and other sums that rightfully belong to WAGE-EARNERS and other members of the

16  general public.

17                                          **XIII.**

18                            **EIGHTH CAUSE OF ACTION**

19          **CONVERSION OF ACCRUED WAGES AND COMPENSATION**

20                              **(As against all DEFENDANTS)**

21          74.     WAGE-EARNERS incorporate all of the allegations contained in this Complaint as

22  though fully set forth herein.

23          75.     At the time DIAMOND PARKING refused to pay the wages and expenses due to WAGE-

24  EARNERS as mandated by California law and/or as agreed, WAGE-EARNERS owned and had the right

25  to possess such withheld wages. DIAMOND PARKING willfully and without legal justification

26  interfered with WAGE-EARNERS' right to own and possess their wages. Instead, DIAMOND

27  PARKING converted such wages into profits for their own illegal benefit. The exact amount of those

28

1  wages is capable of being made certain from a review of either the information of WAGE-EARNERS,

2  or from the records of DIAMOND PARKING. However, DIAMOND PARKING refused to provide the

3  data when such information is obtainable pursuant to California law requiring that employers maintain

4  and provide employees with accurate time records and earnings statements, including but not limited to

5  Labor Code section 226, and IWC Wage Orders, including but not limited to, 9-2001.

6       76.    In refusing to pay all wages to WAGE-EARNERS as promised and required by California

7  law, DIAMOND PARKING unlawfully and intentionally took and converted the property of WAGE-

8  EARNERS for its own use. At the time the conversion took place WAGE-EARNERS were entitled to

9  immediate possession of the amounts of wages payable. This conversion was oppressive, malicious and

10  fraudulent. This conversion was concealed by DIAMOND PARKING from WAGE-EARNERS.

11       77.    The conduct of DIAMOND PARKING described in this Complaint was oppressive,

12  fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of punitive damages in an

13  amount appropriate to punish and make an example of DIAMOND PARKING pursuant to Civil Code

14  section 3294.

15

16  **XIV.**

17  **NINTH CAUSE OF ACTION**

18  **VIOLATION OF CIVIL CODE SECTION 52.1**

19  **(As against all DEFENDANTS)**

20       78.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as

21  though fully set forth herein.

22       79.    The State of California secures various rights for WAGE-EARNERS, including but not

23  limited to minimum wages, overtime wages, rest breaks, pay for missed rest breaks, meal periods, pay

24  for missed meal periods, and the timely payment of all wages upon termination of employment as set

25  forth in the California Labor Code and IWC Wage Orders.

26       80.    WAGE-EARNERS allege that at all relevant times DIAMOND PARKING's actions in

27  violating California Labor Code sections 200, 201, 202, 203, 204, 208, 210, 216, 218.5, 218.6, 225.5,

28

PLAINTIFFS' CLASS ACTION COMPLAINT<br>-24-

1   226, 226.3, 226.7, 227.7, 2802, 2926, 512, 516, 1174, 1174.5, 1198, and IWC Wage Orders, including

2   but not limited to, Wage Order 9-2001, constitute violations of the rights protected under Civil Code

3   section 52.1 entitling WAGE-EARNERS to statutory damages.

4          81.    WAGE-EARNERS allege that at all relevant times DIAMOND PARKING deprived and

5   continues to deprive WAGE-EARNERS of said statutory rights by failing to provide proper minimum

6   and overtime wages, rest breaks, meal periods, pay for missed rest breaks and meal periods, and the

7   timely payment of all wages upon termination of employment to WAGE-EARNERS.

8          82.    WAGE-EARNERS allege that at all relevant times DIAMOND PARKING used

9   intimidation to discourage WAGE-EARNERS from seeking the minimum wages, overtime wages, rest

10  breaks, meal periods, rest break pay, meal period pay, and timely payment of all wages upon termination

11  of employment that WAGE-EARNERS are entitled to by making WAGE-EARNERS fear they will not

12  obtain advancement in the company, or will lose their jobs, or they will receive a bad recommendation

13  for future employment if WAGE-EARNERS seek to enforce those rights, wages, and other pay as

14  provided by California law.

15         83.    Further, WAGE-EARNERS allege that at all relevant times DIAMOND PARKING

16  coerced WAGE-EARNERS to give up their entitled minimum wages, overtime wages, rest break pay,

17  meal period pay, and timely payment of all wages upon termination of employment when WAGE-

18  EARNERS sought recovery of those denied wages and related sums. In order to receive any wages,

19  DIAMOND PARKING forced WAGE-EARNERS to accept a lower amount than that to which WAGE-

20  EARNERS would be entitled under California law.

21         84.    WAGE-EARNERS allege that DIAMOND PARKING's actions of force, fear,

22  intimidation and coercion deprived WAGE-EARNERS of rights secured by the laws of the State of

23  California. As a direct and proximate result of DIAMOND PARKING's unlawful and predatory

24  practices, DIAMOND PARKING remains in possession of wages and other monies owed to WAGE-

25  EARNERS.

26         85.    Because of DIAMOND PARKING's conduct as alleged herein, WAGE-EARNERS are

27  entitled to recover all unpaid wages and related sums, minimum statutory damages, civil penalties, plus

28

1 | attorneys' fees and costs, interest, liquidated damages and disbursements pursuant to California law.

2 | Additionally, WAGE-EARNERS seek an injunction prohibiting DIAMOND PARKING's unlawful and

3 | predatory practices.

4 |

5 | XV.

6 | **PRAYER FOR RELIEF**

7 | WHEREFORE; WAGE-EARNERS, individually and on behalf of all those similarly situated,

8 | and on behalf of the general public, pray for judgment against DIAMOND PARKING as follows:

9 |     1.    For an Order certifying the proposed Class as a Class Action;

10 |     2.    For all unpaid wages, overtime wages, premium wages, minimum wages, and "Off-the-

11 | Clock" wages in an amount to be determined at the time of trial;

12 |     3.    For all wages and other related sums converted and illegally retained by DIAMOND

13 | PARKING;

14 |     4.    For any and all profits, whether direct or indirect, DIAMOND PARKING acquired by

15 | reason of its conversion;

16 |     5.    Pursuant to Business and Professions Code section 17203, that DIAMOND PARKING

17 | be preliminarily and permanently enjoined from: A) not paying its employees all wages due; B) not

18 | paying its employees minimum wages; C) not paying its employees for all time worked, including Off-

19 | the-Clock work; D) requiring employees to work more than 8 hours per day and/or 40 hours per week

20 | without receiving "overtime" and/or "premium" pay; E) operating DIAMOND PARKING locations with

21 | reduced staff so that employees are not allowed to take mandated rest breaks and meal periods; and F)

22 | failing to tender all wages to employees who terminated their employee with DIAMOND PARKING

23 | within the time proscribed by law.

24 |     6.    Pursuant to Business and Professions Code section 17203 and the equitable powers of this

25 | Court, that DIAMOND PARKING be ordered to restore to WAGE-EARNERS all funds acquired by

26 | means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair

27 | competition under Business and Professions Code section 17200 et seq.;

28 |

7.    For restitutionary disgorgement of wages and related sums, civil penalties, attorneys' fees and all other remedies available pursuant to Business & Professions Code section 17200, et seq.;

8.    For statutory penalty wages pursuant to California Labor Code sections, including but not limited to 203 and 510;

9.    For reimbursement of all employment-related expenses incurred by WAGE-EARNERS and not fully and/or timely paid by DIAMOND PARKING;

10.    For all civil penalties, liquidated damages, and related sums pursuant to California law, including but not limited to, California Labor Code sections 210, 225.5, 226, 226.3, 558, 1174.5 and 1197.1, and Civil Code section 52;

11.    For punitive and exemplary damages pursuant to Civil Code section 3294;

12.    For costs and disbursements, pre-judgment and post-judgment interest in the amount of 10% per annum, liquidated damages, and attorney fees pursuant to California Labor Code sections 218.5, 218.6, 1194, and 1194.2, and Civil Code section 52.1;

13.    For an injunction prohibiting DIAMOND PARKING's unlawful and predatory practices; and

14.    For such further or alternative relief in favor of WAGE-EARNERS and all class members as the Court deems appropriate.

DATED: May 21, 2007

                                        KRUTCIK & GEORGGIN

                                        By:    _____
                                               A. Nicholas Georggin, Esq.
                                               Carmine J. Pearl, II, Esq.
                                               Attorneys for WAGE-EARNERS

## CERTIFICATE OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On June 27, 2007, I served the foregoing document(s) described as: **DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

A. Nicholas Georggin, Esq.
Carmine J. Pearl, II, Esq.
Bailey Pinney Georggin & Krutcik LLP
26021 Acero
Mission Viejo, CA 92691

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on June 27, 2007, at Los Angeles, California.

☐　State　I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒　Federal　I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Avis Jackson | _(signature)_ |
|---|---|
| Print Name | Signature |

DEFENDANTS' NOTICE OF REMOVAL
LAX 416022v7 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899