JOHN P. LeCRONE (State Bar No. 115875)
  johnlecrone@dwt.com
CAMILO ECHAVARRIA (State Bar No. 192481)
  camiloechavarria@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
DIAMOND PARKING INC. and
DIAMOND PARKING SERVICES, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PAUL O'SULLIVAN, MARIE BROWN, KEO YANG, SARAH BARSOUM, SIRINE DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE MARGERUM, DIANA BARLETT, YER VANG, and CHERIE DAVIS, individually, and all those similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>DIAMOND PARKING INC., a Washington Corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company; and DOES 1 through 500, inclusive,<br><br>    Defendants. | Case No. C 07-03389 VRW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY WAGES FOR ALL TIME WORKED;**<br>**(2) FAILURE TO PAY ALL OVERTIME WAGES;**<br>**(3) FAILURE TO PAY MINIMUM WAGES;**<br>**(4) FAILURE TO PROVIDE REST AND MEAL PERIODS;**<br>**(5) FAILURE TO REIMBURSE EXPENSES;**<br>**(6) LATE PAYMENT OF ALL ACCRUED WAGES AND COMPENSATION;**<br>**(7) UNFAIR BUSINESS PRACTICES PURSUANT TO BUSINESS & PROFESSIONS CODE SECTION 17200 et seq.;**<br>**(8) CONVERSION OF ACCRUED WAGES AND COMPENSATION; and**<br>**(9) VIOLATION OF CIVIL CODE SECTION 52.1.**<br>[*Labor Code* §§ 200, 201, 202, 203, |

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

|  |  |
|---|---|
| ) | **204, 208, 210, 216, 218.5, 218.6, 225.5, 226, 226.3, 226.7(a)(b), 2926, 2927, 500, 510, 512, 516, 558, 1174, 1174.5, 1194, 11942, 1197, 1197.1, 1198, 2802, IWC Wage Order 9-2001,** *Bus. & Prof Code* **§ 17200, et seq.,** *Clv. Code* **§§ 52 & 52.1,** *Code of Civ. Proc.* **§ 382, Cal. Rules of Court, rule 3.760, et seq.]** |
| ) | **JURY TRIAL DEMANDED** |
| ) | Assigned to the Hon. Vaughn R. Walker |
| ) | Action Filed:  May 21, 2007 |

Defendants Diamond Parking Inc. and Diamond Parking Services, LLC (collectively "Defendants") answer Plaintiffs' (also referred to as "WAGE-EARNERS") Complaint as follows:

## I.

## PRELIMINARY STATEMENT/SUMMARY OF ACTION

1.    Defendants admit that the Complaint purports to allege the claims and recovery described in Paragraph 1, but deny that "DOES 1 through 500" have been named or served with the Complaint and also deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.  Defendants deny that either Diamond Parking Inc. or Diamond Parking Services, LLC employed any employees in California and aver that WAGE-EARNERS were employed by Diamond Paymaster, LLC, a wholly-owned subsidiary of Diamond Parking Inc.

2.    Defendants admit that they are engaged in the operation of automobile parking lots, garages, and valet and self parking facilities of motor vehicles. Defendants deny that their corporate offices are located at 3161 Elliot Avenue,

1

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Seattle, Washington 89121 and aver that they are located at 605 First Avenue, Suite 600, Seattle, WA 98104. Defendants lack sufficient information to confirm or deny the allegation regarding its size relative to other parking lot operators. Defendants deny all remaining allegations in Paragraph 2.

3. Defendants deny the allegations in the first sentence of Paragraph 3. The remainder of Paragraph 3 pleads legal conclusions to which responsive pleading is not required. To the extent a response is required, Defendants deny that WAGE-EARNERS are entitled to any relief whatsoever under any legal theory.

4. Defendants deny all of the allegations in Paragraph 4.

5. Defendants deny all of the allegations in Paragraph 5.

6. Defendants deny all of the allegations in Paragraph 6.

## II.

## PARTIES

7. Defendants admit that the named plaintiff Marie Brown is a current employee of Defendants and that the remaining ten named plaintiffs are former employees of Defendants. Defendants deny that Paragraph 7 pleads an appropriate class of plaintiffs.

8. Defendants admit that the eleven named "WAGE-EARNERS" worked for Diamond Paymaster, LLC, a wholly-owned subsidiary of Diamond Parking Inc. Defendants lack sufficient information to confirm or deny any WAGE EARNERS' past or present residence and, on that basis, deny the same. Defendants lack sufficient information to confirm or deny that the unidentified, un-served "DOES 1 through 500" ever employed the WAGE-EARNERS and, on that basis, deny the same. Defendants admit that the eleven named plaintiffs were employed by Diamond Paymaster, LLC, a wholly-owned subsidiary of Diamond Parking Inc. at some point during the past three years and deny all remaining allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit that Diamond Parking Inc. and Diamond Parking Services, LLC are related entities and deny all remaining allegations in Paragraph 11.

12. Defendants admit that the Complaint purports to establish a representative action and a class action, but deny that it is appropriate to certify any class in this lawsuit or that WAGE-EARNERS or others in the putative class are entitled to relief under any legal theory.

13. Defendants lack sufficient information to confirm or deny the extent of WAGE-EARNERS' knowledge or their present or future intentions and, on that basis, deny all of the allegations in Paragraph 13.

14. Defendants deny that Diamond Parking Inc. and Diamond Parking Services, LLC were "employers" under California law, aver that WAGE-EARNERS were employed by Diamond Paymaster, LLC, a wholly-owned subsidiary of Diamond Parking Inc. and deny all remaining allegations in Paragraph 14, particularly those allegations that purport to relate to any un-named, un-served, "John Doe" defendant.

### III.
### JURISDICTION AND VENUE

15. Defendants admit that they are incorporated in the State of Washington and are authorized to, and are doing, business in the State of California. Defendants admit that this lawsuit is properly filed in United States District Court, but deny that venue is proper or convenient in the Northern District of California. Defendants admit that it maintains an office in and transacts business within the County of Alameda. Defendants admit that WAGE-EARNERS were employed by Diamond Parking Inc. through its wholly-owned subsidiary, Diamond Paymaster, LLC. Defendants deny all remaining allegations in Paragraph 15.

3

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

16. Paragraph 16 pleads legal conclusions to which no responsive pleading is required. To the extent that it pleads facts, Defendants deny the allegations in Paragraph 16.

## IV.
## COMMON ALLEGATIONS

17. Defendants admit that the Complaint purports to allege claims that are described in the first sentence of Paragraph 17, but deny that WAGE-EARNERS are entitled to the relief sought. Defendants deny that common questions of fact and law exist as to all putative alleged class members and deny that they predominate over any questions that affect individual class members. Defendants deny that the conduct alleged affected WAGE-EARNERS and all putative class members, Defendants deny that the number of individuals affected is so numerous that joinder of the members is impractical. Defendants deny that it is appropriate to certify any class in this lawsuit.

18. Defendants deny the allegations in Paragraph 18 with respect to the eleven named WAGE-EARNERS and aver that they were employed by Diamond Paymaster, LLC, a wholly-owned subsidiary of Diamond Parking Inc. Defendants lack sufficient information to confirm or deny the allegations in Paragraph 18 with respect to "those similarly situated current and former employees" and, on hat basis, deny same.

19. Defendants deny all of the allegations in Paragraph 19.

20. Defendants deny all of the allegations in Paragraph 20. Many of the allegations in Paragraph 20 plead legal conclusions to which responsive pleading is not required. To the extent that a response is required, Defendants deny the allegations.

21. Defendants admit that there were instances where WAGE EARNERS worked more than 8 hours in a day or 40 hours in a week and were properly paid overtime for those instances. Defendants deny all remaining allegations in Paragraph 21.

4

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny all allegations in Paragraph 24 and deny that WAGE-EARNERS are entitled to any relief whatsoever under any legal theory.

V.

CLASS ACTION ALLEGATIONS

(C.C.P. § 382, Cal. Rules of Court, rule 3.760, et seq.)

25. Defendants deny that there is any legal basis for or that it is appropriate to certify any class in this lawsuit.

26. DEFINITION OF CLASS – Defendants deny that an appropriate class of plaintiffs is described in Paragraph 26, deny that it is lawful or appropriate to certify any class in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

   A. UNPAID WAGES SUBCLASS – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 26(A), deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

   B. OVERTIME SUBCLASS – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 26(B), deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

   C. MINIMUM WAGE SUBCLASS – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 26(C), deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

5

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    D.    **UNPAID REST PERIOD SUBCLASS** – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 26(D), deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

E.    **UNPAID MEAL PERIOD SUBCLASS** – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 26(E), deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

F.    **UN-REIMBURSED/LATE EXPENSES SUBCLASS** – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 26(F), deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

G.    **LATE PAYMENT CLASS** – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 26(G), deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

27.    **NUMEROSITY** – Defendants lack sufficient information to confirm or deny that it is "the oldest parking company in the world." Defendants deny that the total number of WAGE-EARNERS over the statutory period will likely exceed 1,000 persons. The remaining allegations plead legal conclusions to which responsive pleading is not required. To the extent that Paragraph 27 pleads facts, Defendants deny all of the allegations therein.

28.    **COMMON QUESTIONS OF LAW AND FACT** – Paragraph 28 pleads legal conclusions to which responsive pleading is not required. To the extent that

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Paragraph 28 pleads facts, Defendants admit that there may be some common questions of law and/or fact, but deny that such common issues predominate over individual ones, deny that individual actions would be impractical, deny that there is any common illegal activity, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

29. <u>REPRESENTATION BY WAGE-EARNERS</u> – Defendants deny the allegations in Paragraph 29.

    A.    Defendants deny the allegations in Paragraph 29(A).

    B.    Defendants lack sufficient information to confirm or deny the allegations in Paragraph 29(B) and, on that basis, deny the same.

    C.    Defendants deny the allegations in Paragraph 29(C).

30. <u>CERTIFICATION</u> – Paragraph 30 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 30 pleads facts, Defendants deny that certification of any class or subclass is appropriate in this action.

    A.    Paragraph 30(A) ***and all of its 13 subparts***, plead legal conclusions to which responsive pleading is not required. To the extent that Paragraph 30(A) and all of its 13 subparts plead facts, Defendants admit that there may be some common questions of law or fact, but deny that they predominate over individual ones.

    B.    Defendants deny all of the allegations in Paragraph 30(B).

    C.    Defendants deny all of the allegations in Paragraph 30(C).

31. <u>TYPICALITY</u> – Paragraph 31 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 31 pleads facts, Defendants deny that the named Plaintiffs' claims are typical of the claims of other putative class members.

    A.    Defendants admit the allegations in Paragraph 31(A).

7

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

      B.    Defendants deny the allegations in Paragraph 31(B) and deny that any of Defendants' practices and/or course of conduct form the basis of any claim for a legal violation.

      C.    Defendants deny the allegations in Paragraph 31(C).

      D.    Defendants deny the allegations in Paragraph 31(D).

      E.    Defendants deny that the named plaintiffs, or any purported class members, have suffered injuries, let alone that there is similarity among them.

32.    SUPERIORITY – Paragraph 32 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 32 pleads facts, Defendants deny all of the allegations therein.

## VI.
## FIRST CAUSE OF ACTION
## FAILURE TO PAY WAGES FOR ALL TIME WORKED
### (Alleged against all DEFENDANTS)

33.    Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

34.    Defendants deny all of the allegations in Paragraph 34.

35.    Defendants deny all of the allegations in Paragraph 35.

36.    Defendants deny all of the allegations in Paragraph 36.

37.    Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## VII.
## SECOND CAUSE OF ACTION
## FAILURE TO PAY ALL OVERTIME WAGES
### (As against all DEFENDANTS)

38.    Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

39.    Defendants deny all of the allegations in Paragraph 39.

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

40. Paragraph 40 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 40 pleads facts, Defendants deny all of the allegations therein.

41. Paragraph 41 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 41 pleads facts, Defendants deny all of the allegations therein.

42. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## VIII.
## THIRD CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES
### (As against all DEFENDANTS)

43. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

44. Defendants deny that the WAGE-EARNERS were employed by Defendants, aver that they were employed by Diamond Paymaster, LLC, a wholly-owned subsidiary of Diamond Parking Inc., and deny the remaining allegations in Paragraph 44.

45. Defendants deny all of the allegations in Paragraph 45.

46. Paragraph 46 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 46 pleads facts, Defendants deny all of the allegations therein.

47. Defendants deny all of the allegations in Paragraph 47.

48. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

49. Paragraph 49 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 49 pleads facts, Defendants deny all of the

9

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

allegations therein and deny that Plaintiffs are entitled to any relief under any legal theory.

50. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## IX.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE REST BREAKS

### (As against all DEFENDANTS)

51. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

52. Paragraph 52 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 52 pleads facts, Defendants deny all of the allegations therein.

53. Paragraph 53 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 53 pleads facts, Defendants deny all of the allegations therein.

54. Paragraph 54 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 54 pleads facts, Defendants deny all of the allegations therein. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

55. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## X.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (As against all DEFENDANTS)

56. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

10

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

57. Paragraph 57 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 57 pleads facts, Defendants deny all of the allegations therein.

58. Paragraph 58 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 58 pleads facts, Defendants deny all of the allegations therein.

59. Paragraph 59 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 59 pleads facts, Defendants deny all of the allegations therein. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

60. Paragraph 60 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 60 pleads facts, Defendants deny all of the allegations therein. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## XI.
## SIXTH CAUSE OF ACTION
## FAILURE TO REIMBURSE EMPLOYMENT-RELATED EXPENSES
### (As against all DEFENDANTS)

61. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

62. Paragraph 62 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 62 pleads facts, Defendants deny all of the allegations therein.

63. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

11

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## XII.

## SIXTH CAUSE OF ACTION

## LATE PAYMENT OF ALL ACCRUED WAGES AND COMPENSATION

### (As against all DEFENDANTS)

64. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

65. Paragraph 65 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 65 pleads facts, Defendants deny all of the allegations therein.

66. Defendants deny all of the allegations in Paragraph 66.

67. Paragraph 67 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 67 pleads facts, Defendants deny all of the allegations therein. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## XIII.

## SEVENTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES PURSUANT TO BUSINESS & PROFESSIONS CODE SECTION 17200, ET SEQ.

### (As against all DEFENDANTS)

68. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

69. Defendants deny all of the allegations in Paragraph 69.

70. Paragraph 70 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 70 pleads facts, Defendants deny all of the allegations therein.

71. Defendants deny all of the allegations in Paragraph 71. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

72. Defendants deny all of the allegations in Paragraph 72.

12

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

73. Paragraph 73 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 73 pleads facts, Defendants deny all of the allegations therein.

## XIV.

## EIGHTH CAUSE OF ACTION

## CONVERSION OF ACCRUED WAGS AND COMPENSATION

### (As against all DEFENDANTS)

74. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

75. Paragraph 75 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 75 pleads facts, Defendants deny all of the allegations therein.

76. Paragraph 76 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 76 pleads facts, Defendants deny all of the allegations therein.

77. Defendants deny all of the allegations in Paragraph 77. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## XV.

## NINTH CAUSE OF ACTION

## VIOLATION OF CIVIL CODE SECTION 52.1

### (As against all DEFENDANTS)

78. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

79. Paragraph 79 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 79 pleads facts, Defendants deny all of the allegations therein.

13
ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

80. Paragraph 80 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 80 pleads facts, Defendants deny all of the allegations therein.

81. Defendants deny all of the allegations in Paragraph 81.

82. Defendants deny all of the allegations in Paragraph 82.

83. Defendants deny all of the allegations in Paragraph 83.

84. Defendants deny all of the allegations in Paragraph 84.

85. Paragraph 85 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 85 pleads facts, Defendants deny all of the allegations therein. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## XVI.

## PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any monetary, equitable, injunctive or other relief whatsoever under any legal theory.

## XVII.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

1. **Failure to State Cause of Action**. The Complaint, and each cause of action purported to be alleged against Defendants therein, fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted against Defendants.

2. **Failure to Mitigate**. While Defendants deny that Plaintiffs have been damaged in any way, if it should be determined that Plaintiffs have suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Plaintiffs have failed to take reasonable action to mitigate or minimize their alleged damages.

3. **Legitimate Actions**. All actions taken by Defendants with respect to Plaintiffs, at all times relevant to this action, were taken in good faith for legitimate

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

14

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

reasons, and Defendants had reasonable grounds to believe that their actions did not violate any provisions of the California Labor Code and the California Business and Professions Code.

4. **Statute of Limitations**. Plaintiffs' Complaint, and each and every cause of action purported to be alleged therein, is barred by the applicable statute of limitations, including, but not limited to, those limitations set forth in Business & Professions Code section 17208, Code of Civil Procedure sections 338 and 340, and the three-year statute of limitations applicable to claims for unpaid wages under the California Labor Code.

5. **Waiver**. The Complaint, and each purported cause of action set forth therein, is barred in that Plaintiffs have, by reason of their conduct and actions, waived any right to assert the claims set forth therein, that they otherwise might have against Defendants.

6. **Estoppel**. Plaintiffs are, by reason of their conduct, estopped from asserting any and all causes of action that they otherwise might have against Defendants.

7. **Unclean Hands**. Plaintiffs have unclean hands with respect to the matters alleged in the Complaint and, on that basis, are barred from recovering any relief on the Complaint.

8. **Laches**. The Complaint is barred by the doctrine of laches.

9. **No Proximate Causation**. Any acts or omissions to act by Defendants were not the proximate cause of any injuries or damages allegedly suffered by Plaintiffs.

10. **Fault of Plaintiff**. If any Plaintiff sustained any damage, which Defendants deny, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiffs, or Plaintiffs otherwise were at fault. Plaintiffs are therefore not entitled to any relief under the Complaint or under any

15

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

cause of action purported to be alleged against Defendants therein, or Plaintiffs' recovery, if any, should thereby be reduced in proportion to their fault.

11. **No Unlawful Failure to Compensate**. The alleged failure of Defendants to compensate any Plaintiff for overtime, meal breaks and rest periods was not unlawful within the meaning of the California Business and Professions Code.

12. **No Unfair Failure to Compensate**. The alleged failure of Defendants to compensate any Plaintiff for overtime, meal breaks and rest periods was not unfair within the meaning of the California Business and Professions Code.

13. **No Fraudulent Failure to Compensate**. The alleged failure of Defendants to compensate any Plaintiff for overtime, meal breaks and rest periods was not fraudulent within the meaning of the California Business and Professions Code.

14. **No Injunctive Relief**. Plaintiffs' causes of action, and each of them, and their injunctive relief and restitution remedies, are barred in light of the fact that Plaintiffs have an adequate remedy at law.

15. **Not Proper Class Representatives**. Plaintiffs lack standing to serve as class representatives or to bring the representative action under the Business and Professions Code as alleged in the Complaint.

16. **Joinder Not Impracticable**. This action is not properly maintainable as a class action because the alleged class is not so numerous that joinder of all purported members is impracticable.

17. **Questions Not Common**. This action is not properly maintainable as a class action because the questions of fact and law are not common to the purported members of the alleged class.

18. **Claims Not Similar**. This action is not properly maintainable as a class action because Plaintiffs' claims are not similar to those of the other purported
16

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

members of the alleged class, and will require an individual analysis of each particular claim.

19. **Class Action Not Superior**. This action is not properly maintainable as a class action because a class action lawsuit is not superior to other available methods for the fair and efficient adjudication of the controversy.

20. **Violation of Due Process of Law**. Allowing Plaintiffs to pursue a representative action under the California Business and Professions Code violates Defendants' rights to due process of law, inasmuch as it creates a potential for multiple suits and duplicative liability.

21. **No Private Right to Recover Statutory Penalties**. Plaintiffs do not have a private right of action to recover statutory penalties under Labor Code section 226.7.

22. **No Right to Recover Attorneys' Fees**. Plaintiffs do not have a right to recover attorneys' fees or interest on their claims for statutory penalties under Labor Code section 226.7.

23. **No Punitive Damages**. Plaintiffs are not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken, because:

  A. Plaintiffs have failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice. Cal. Civ. Code § 3294(a);

  B. Plaintiffs have failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Plaintiffs or that Defendants were motivated by evil motive or intent;

  C. Neither Defendants nor any of its or their officers, directors, or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act or employed any such employee or employees with a conscious disregard of the rights or safety of

17

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

others. Cal. Civ. Code § 3294(b); and

D.  California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of an award of punitive damages, and California's laws, rules and procedures regarding punitive damages, as applied to the facts of this case, would violate Defendants' rights under the constitution of the United States and the State of California, including, but not limited to, Defendants' rights to procedural and substantive due process as provided in the Fifth and Fourteenth Amendments, and protection from excessive fines as provided in the Eighth Amendment.

24.  **Venue Improper and Inconvenient Forum**.  Venue in the Northern District of California is improper and is also an inconvenient forum for the parties and witnesses.

25.  **Time Not Compensable**.  Some or all of the alleged work activities described in Plaintiffs' Complaint are not compensable and/or are excluded from measured working time.

26.  **Cumulative Claims or Remedies**.  Plaintiffs' alleged claims and remedies must be denied in whole or in part because they are duplicative and cumulative.

27.  **De Minimis**.  Plaintiffs' claims are barred under the de minimis doctrine.

## XVIII.
## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE; having fully answered the Complaint, Defendants pray as follows:

A.  That the Complaint be dismissed with prejudice;

B.  That class certification be denied;

18

ANSWER TO COMPLAINT
CASE NO. C 07-03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1.     C.    That Defendants be awarded their costs and attorneys' fees; and

2.     D.    For such other and further relief that the Court deems just and equitable.

DATED: July 3, 2007            DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
CAMILO ECHAVARRIA

By:    */s/ John P. LeCrone*
            John P. LeCrone

Attorneys for Defendants
DIAMOND PARKING INC. and
DIAMOND PARKING SERVICES, LLC

19

ANSWER TO COMPLAINT
CASE NO. C 07--03389 VRW
LAX 437462v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899