**KRUTCIK & GEORGGIN**
A. Nicholas Georggin, Esq. (SBN 170925)
James A. Krutcik, Esq. (SBN 140550)
26021 Acero
Mission Viejo, CA 92691
(949) 367-8590;    (949) 367-8597 FAX
ngeorggin@kglawoffices.com; jkrutcik@kglawoffices.com

Attorneys for Plaintiffs PAUL O'SULLIVAN, MARIE
BROWN, KEO YANG, SARAH BARSOUM, SIRINE
DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE
MARGERUM, DIANA BARLETT, YER VANG, and CHERIE
DAVIS, individually, and all those similarly situated,

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL O'SULLIVAN, MARIE BROWN, KEO YANG, SARAH BARSOUM, SIRINE DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE MARGERUM, DIANA BARLETT, YER VANG, and CHERIE DAVIS, individually, and all those similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>DIAMOND PARKING, INC. , a Washington Corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company; and DOES 1 through 500, inclusive,<br><br>                    Defendants. | CASE NO.  C 07-03389 VRW<br><br>**DECLARATION OF A. NICHOLAS GEORGGIN, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DATE:          August 21, 2008**<br>**TIME:           2:30 p.m.**<br>**COURTROOM:      6**<br><br>[Federal Rules of Civil Procedure, rule 23(e), et seq.]<br><br>**(Notice of Motion and Motion for Preliminary Approval of Class Action Settlement; and [Proposed] Order Granting Preliminary Approval of Class Action Settlement filed and served concurrently herewith)** |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS**

**OF RECORD:**

I, A. Nicholas Georggin, hereby declare and state as follows:

1.      I am a partner in the law firm of Krutcik & Georggin, the attorneys of record for Plaintiffs

Paul O'Sullivan, Marie Brown, Keo Yang, Sarah Barsoum, Sirine Dalloul, Hala Hawa, Monir Hawa,

Constance Margerum, Diana Barlett, Yer Vang, and Cherie Davis, individually, and on behalf of all

persons similarly situated, (hereinafter collectively "PLAINTIFFS") in the above-entitled matter.  I have

1  actively participated in this lawsuit since before the filing of the Complaint in May of 2007. I am familiar

2  with the facts averred to herein, and if called to testify on these facts, I could and would do so

3  competently.

4

5  **BAR MEMBERSHIP AND PARTNERSHIP**

6      2.      My education, experience and background provide a proper foundation to prosecute this

7  case and manage settlement on behalf of PLAINTIFFS. I earned my Juris Doctor degree, *summa cum*

8  *laude*, from Western State University College of Law, graduating in December 1993. During law school,

9  I was Lead Articles Editor for the Western State University Law Review and a Legal Research Intern for

10  the late Justice Henry T. Moore, Jr., of the California Court of Appeal, Fourth District, Division Three.

11      3.      I became licensed to practice law in the State of California in June of 1994. I am also

12  admitted to practice in the Federal District Court for the Northern, Central and Southern Districts of

13  California. Since its founding in 1995, I have been a partner in the law firm of Krutcik & Georggin,

14  practicing in the State of California. I have practiced actively and in good standing since my admission

15  to the bar. I estimate that I have handled and/or supervised over 600-650 complex civil litigation cases

16  (both class and non-class types) within the United States District Court and Superior Court systems in

17  California over the last 14 years.

18

19  **LAW FIRM WAGE CASES**

20      4.      Krutcik & Georggin has actively pursued cases to effectuate the purposes of California's

21  wage protection statutes. As a partner, I have been involved in litigating and resolving several California

22  wage claims. These California Superior Court cases include: *Josette Banuelos, et al., v. Piercing*

23  *Pagoda, et al.*, SCSC Case No. 06AS00081; *Bryce Walker, et al., v. CashCall, Inc., et al.*, OCSC Case

24  No. 06CC00200; *Elizabeth Sims, et al., v. Stein Mart, Inc., et al.*, OCSC Case No. 04CC00567; *Kris*

25  *Corso, et al., v. Rent-A-Center, Inc., et al.*, OCSC Case No., 03CC00502; *Jeremy Burdusis, et al., v.*

26  *Rent-A- Center, Inc., et al.*, LASC Case No., BC260335; *Grant Quevedo-Watson, et al., v. Staples, Inc.,*

27  *et al.*, ACSC Case No., RG05198577, *Richard Castro, et al., v. T-Mobile USA, Inc., et al.*, ACSC Case

28  No., RG04185906; *Melinda Coronel, et al. v. Pizza Hut, Inc., et al.*, LCSC Case No., BC338309; *James*

1  *McKinnon, et al. v. Best Buy Stores, L.P., et al.*, ACSC Case No. RG03082294; *Nicole Bannister-Smith,*

2  *et al. v. Sprint/United Management, Inc., et al.*, ACSC Case No., RG03093168; *Manuel F. Arevalo v.*

3  *Huntleigh USA Corp.*, SDSC Case No., GIC817995; *Valerie Nathanson, et al. v. Pier 1 Imports (US),*

4  *Inc., et al.*, ACSC Case No. RG03085376; *Cindy Nelson-Rupp, et al., v. Gap, Inc., et al.*, OCSC Case

5  No. 00CC12661; *Vives v. American Star Audiotext, et al.*, LASC Case No. BC 283931; *Risner v.*

6  *SunRoma, et al.*, SLOSC Case No. CV02100529; and *Rogers v. Crowne Plaza, et al.*, OCSC Case No.

7  03CC00157. And U. S. District Court cases in California include: *Adrian Llamas, et al., v. CashCall,*

8  *Inc., et al.*, USDC Case No. SACV06-963; *Brandon Wells, et al., v. Cingular Wireless, LLC, et al.*,

9  USDC Case No. CV 06-6327; *Carlos M. Castillo v. Pegnato & Pegnato Roof Management, Inc.*, USDC

10  CV-02-03648. The gross total aggregate settlement amount recovered for employees in these cases

11  exceeds $91,000,000.

12

13  **INVESTIGATION AND RESOLUTION OF THE PRESENT CASE**

14       5.       As Class Counsel, Krutcik & Georggin has extensive experience litigating these types of

15  wage claims. In this case, the investigation of the claims against Defendants, DIAMOND PARKING,

16  INC., a Washington Corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited

17  Liability Company, (hereinafter "DIAMOND PARKING") began over eight months before the date this

18  action was filed. Prior to filing the instant action, our attorneys interviewed the named Plaintiffs and

19  reviewed time keeping, payroll and employment records. Our investigation confirmed that all of

20  DIAMOND PARKING's payroll is processed at a central location, using the same time frame for issuing

21  checks to terminated employees. As a result, Plaintiffs allege that DIAMOND PARKING's payroll

22  system allowed checks to terminated employees to be issued later than what is mandated by California

23  law. The discovery was used in this action to bolster PLAINTIFFS' late-pay claims.

24       6.       In this case, I was directly involved with interviewing the named Plaintiffs, reviewing

25  employment records, and preparing and filing the complaint. In preparing the case, lawyers from my

26  office reviewed Plaintiffs' records and documents, interviewed DIAMOND PARKING's employees and

27  reviewed DIAMOND PARKING's policy documents, time keeping, payroll and employment records.

28  We also evaluated documents and data provided by DIAMOND PARKING and our clients. The

1 documents were scanned, cross-referenced and incorporated into a database. The compilation of data

2 enabled a detailed analysis of both late pay and meal/rest break violations. The resulting analysis

3 permitted a detailed evaluation of the claims and damages available to PLAINTIFFS.

4       7.       Mediation was scheduled with Mediator Michael J. Loeb, Esq. in Los Angeles, California.

5 Prior to the Mediation, PLAINTIFFS' counsel met with counsel for DIAMOND PARKING to discuss

6 the claims, potential unpaid wages, and outlined an agreement for the informal exchange of wage and

7 employment information. PLAINTIFFS' counsel also met with the Named Plaintiffs to review the data

8 provided by DIAMOND PARKING, spreadsheet reports and calculations, and to discuss mediation

9 strategy. The Named Plaintiffs also detailed their personal employment experiences and the facts and

10 circumstances surrounding their termination.

11      8.       Settlement of this case resulted after a day-long mediation session before Mediator Loeb.

12 Present at the mediation for PLAINTIFFS, were Named Plaintiffs Paul O'Sullivan, Marie Brown, Sarah

13 Barsoum, Sirine Dalloul, Hala Hawa, Monir Hawa, Constance Margerum, Diana Barlett, and Cherie

14 Davis. Counsel for PLAINTIFFS presented a comprehensive presentation of PLAINTIFFS' claims and

15 the wages, damages, penalties, and interest recoverable for DIAMOND PARKING's violations of

16 California wage/hour laws. After almost a full day of discussing the issues and unpaid wages

17 recoverable, and subsequent telephonic discussions with the parties, Mediator Loeb was able to finalize

18 a settlement of the action.

19      9.       The proposed settlement is the result of intensive, arm's length negotiations with Mediator

20 Michael J. Loeb, Esq., a respected member of the bar with approximately 34 years of litigation

21 experience. (A copy of Mr. Loeb's resume is attached as Exhibit "A".) The settlement provides that

22 DIAMOND PARKING will pay a total aggregate sum not to exceed Eight Hundred Fifty-Six Thousand

23 Dollars ($856,000.00). After deducting proposed attorneys' fees and costs, proposed incentive payments

24 to the Named Plaintiffs, and costs of administration, the putative class members will receive a total of

25 Five Hundred One Thousand Dollars ($501,000.00).

26      10.      Each qualifying member of the SETTLEMENT CLASS MEMBER (estimated at 527)

27 employed by DIAMOND PARKING at any time from May 21, 2003 to August 21, 2008, who submits

28 a valid and timely claim form and does not Opt-Out of the settlement will receive a payout of

*Dec. of ANG in Support of Preliminary Approval.wpd*

Declaration of A. Nicholas Georggin, Esq.

1    approximately: (A) For those individuals employed for a period up to one (1) month, $245.00 per person;

2    (B) For those individuals employed for a period of over one (1) month up to six (6) months, $495.00 per

3    person; and (C) For those individuals employed for a period greater than six (6) months, $1,225.00 per

4    person. Further, each qualifying SETTLEMENT CLASS MEMBER who terminated their employment

5    with DIAMOND PARKING at any time from May 21, 2003 to August 21, 2008, and who submits a valid

6    and timely claim form will receive a (30%) thirty percent premium on the above amounts to compensate

7    terminated employees for California Labor Code section 203 penalties. Based on the risks associated

8    with obtaining class certification and prevailing at Trial and through the appellate process, the settlement

9    is an excellent result and should be approved by the Court.

10         11.    Subject to Court approval, the Settlement also provides for DIAMOND PARKING's

11    payment of $256,800.00 in attorneys' fees and costs of litigation to PLAINTIFFS' counsel, Krutcik &

12    Georggin. PLAINTIFFS' counsel have, through the investment of substantial effort and the resources of

13    attorneys and staff been able to secure an outstanding settlement on behalf of the Class.  Eligible

14    claimants need only execute a claim form in order to receive their recovery.  No other justification for

15    the payment of a claim is required.

16         12.    DIAMOND PARKING has vigorously contested liability, the amount of claimed damages,

17    and the propriety of class certification.  The parties engaged in significant discovery and PLAINTIFFS

18    would have faced significant obstacles proving a state-wide practice by DIAMOND PARKING sufficient

19    for class certification.  The settlement obtained for the class will provide an almost immediate monetary

20    benefit to the class members and vindicate California's important policy of timely paying wages to

21    employees.  Additionally, DIAMOND PARKING agrees that the request for attorneys' fees and costs is

22    fair and reasonable.  These facts make the approval of PLAINTIFFS' counsel's request for approval of

23    attorneys' fees appropriate.

24

25    **DISCLOSURE OF RELATED CASES**

26         13.    Pursuant to Federal Rules of Civil Procedure, rule 23 (e)(2), PLAINTIFFS disclose the

27    following cases that are related to this action. A case entitled *Robert Teruel, et al., v. Diamond Parking*

28    *Inc., et al.*, Case No. C 07-03388 JSW is currently pending before Judge Jeffrey S. White in Department

5           CASE NO. C 07-03389 VRW

*Dec. of ANG in Support of Preliminary Approval.wpd*        Declaration of A. Nicholas Georggin, Esq.

1  2 of the United States District Court for the Northern District of California. The plaintiffs in the *Teruel*

2  action are also represented by Krutcik & Georggin.  The *Teruel* action involves the alleged

3  misclassification of "Area Supervisors" by DIAMOND PARKING as exempt employees.  After

4  discovery in that action, it was determined that only twelve individuals were employed by DIAMOND

5  PARKING in that capacity during the class period, bearing directly on the ability to certify the class. As

6  a result, Mr. Teruel's individual claims have been tentatively settled for the total amount of $40,000,

7  subject to Court approval.

8       14.    Additionally, there is currently pending an Equal Employment Opportunity Commission

9  ("EEOC") claim by Named Plaintiff Constance Margerum against DIAMOND PARKING for alleged

10  racial discrimination. Ms. Margerum is proceeding in *propria persona* in the EEOC action. There has

11  been a settlement of Ms. Margerum's EEOC claims.

12

13  **INCENTIVE PAYMENTS FOR NAMED PLAINTIFFS**

14       15.    The Named Plaintiffs actively participated in the litigation process. They assisted in the

15  gathering and evaluation of evidence.  Most of the Named Plaintiffs traveled to and participated in

16  meetings with counsel, and an all-day mediation session.  The assistance of the Named Plaintiffs was

17  critical in assisting counsel with assessing evidence and countering DIAMOND PARKING's defenses.

18  The mediation would not have resulted in such a favorable settlement to PLAINTIFFS if not for their

19  initiative and involvement.  As a result, counsel recommend the following incentive payments: Paul

20  O'Sullivan $11,000, Marie Brown $10,000, Keo Yang $750, Sarah Barsoum $5,000, Sirine Dalloul

21  $5,000, Hala Hawa $10,000, Monir Hawa $7,500, Diana Bartlett $7,500, Yer Vang $750, Cherie Davis

22  $5,000, and Constance Margerum $10,000.

23       16.    The incentive payments are in recognition of the substantial risk taken by the Named

24  Plaintiffs in representing the class and the benefits conferred on class members. The payments are also

25  made to compensate each Named Plaintiff for the time and the potential financial risks to which they

26  were exposed.  The payments are also made to compensate the requirement that the Named Plaintiffs

27  execute a general release of all of their employment claims against DIAMOND PARKING, including a

28  waiver of Civil Code section 1542. The incentive payments reflect California's strong public policy in

favor of payment of wages due employees and encourages employees to take the steps necessary for the enforcement of California's comprehensive statutory scheme to ensure the proper payment of wages. The Named Plaintiffs' efforts resulted in the settlement herein for the benefit of the class members.

**COSTS OF CLAIMS ADMINISTRATION**

17.    PLAINTIFFS and DIAMOND PARKING have agreed to use EPIQ Systems, Inc., 10300 SW Allen Blvd, Beaverton, OR 97005 as the claims administrator in this case. Based on my experience with EPIQ Systems, Inc., they are fully capable of acting as the Claims Administrator in the case. Based on the number of putative class members and the estimated claims rate, EPIQ Systems, Inc. has estimated costs of approximately $25,000 to administer the claims herein. In my experience, EPIQ Systems, Inc.'s estimate is reasonable for the costs and time necessary to process the number of claims in this case.

**AUTHENTICATION OF DOCUMENTS**

18.    Attached hereto as Exhibit "A" is a true and correct copy of Mediator Michael J. Loeb's resume.

19.    Attached hereto as Exhibit "B" is a true and correct copy of the Notice of Proposed Class Action Settlement.

20.    Attached hereto as Exhibit "C" is a true and correct copy of the proposed Claim Form.

21.    Attached hereto as Exhibit "D" is a true and correct copy of the proposed Settlement Agreement of Class Action Claims.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 4th day of June, 2008, at Mission Viejo, California.

By: _____
A. Nicholas Georggin, Esq.

Exhibit "A"





**THE RESOLUTION EXPERTS**



**Michael J. Loeb, Esq.** was a labor and employment lawyer for more than 30 years before joining JAMS in March 2006. He has been mediating cases since 1991. Mr. Loeb began his career as a staff attorney for the Agricultural Labor Relations Board trying unfair labor practice cases. For the past three decades, he was a "full service" labor and employment lawyer first at Crosby Heafey Roach & May, Oakland, and then with McCutchen, Doyle, Brown & Enersen, whose labor and employment law department he led before its merger with Bingham Dana forming Bingham McCutchen in 2002.

### ADR Experience and Qualifications

- Mediated, litigated, tried, or arbitrated virtually every conceivable type of labor, employment and employment benefits dispute in federal and state courts, including wage and hour class actions, wrongful termination, discrimination, harassment and retaliation cases, employment contract disputes, and misappropriation of trade secret cases
- Since 1991, mediated, arbitrated, or served as an early neutral evaluator in numerous cases, including the following representative matters

### Representative Matters

- **Wage and Hour Claims:**
  - Numerous wage and hour class actions and individual cases, involving the alleged misclassification of employees as exempt, the failure to provide meal and rest periods, failure to reimburse for business expenses, and improper distribution of tips
  - Wage and hour and wrongful termination cases involving alleged LMRA preemption
- **Wrongful Termination:**
  - Executive termination cases involving disputes over whether good cause existed for termination, whether restricted stock and stock options vested, and the valuation of stock options
  - Public sector wrongful termination and whistleblower cases
  - Retaliation lawsuits alleging wrongful termination for engaging in protected activity or opposition to unlawful practices
- **Discrimination Claims:**
  - Age discrimination cases
  - Disability discrimination cases involving alleged wrongful termination, failure to provide reasonable accommodations, and the interplay between workers' compensation, long-term disability, SSDI, and disability discrimination claims
  - National origin discrimination cases and cases involving alleged discrimination based on English only policies
  - Pregnancy and Family Medical Leave/Family Rights Act discrimination cases, involving termination of employees on leave, and the failure to reinstate employees following the end of leaves
- **Sexual Harassment:** Individual and multiple plaintiff sexual harassment cases
- **ERISA:**
  - ERISA cases involving alleged breaches of fiduciary duty in the management of trust fund assets
  - ERISA section 510 cases involving alleged discrimination to avoid the vesting of or receipt of benefits
  - ERISA welfare benefit denial cases, primarily involving the denial of long-term disability benefits
- **Trade secret, non-compete, and non-solicitation** disputes
- **Americans with Disabilities Act (non-employment):**
  - Class action claims alleging failure to provide access to disabled students in educational facilities and activities
  - Class action claims involving the alleged lack of access to health care facilities and equipment

### Honors, Memberships, and Professional Activities

- Northern California Super Lawyer, *San Francisco Magazine*, 2006
- Member, California Commission on Access to Justice, 2005-present
- State Bar President's Pro Bono Services Award, State Bar of California, 1991
- President, Alameda County Bar Association, 1993; Founder of its Alternative Dispute Resolution (ADR) Program; and Chair, ADR Program Executive Committee

- Speaking engagements include: State Bar of California's Labor & Employment Section and Practising Law Institute (Annual programs 2002-2005, presentation on wage and hour developments and class action litigation); numerous law firm and bar association presentations on mediating employment disputes and wage and hour class actions; presentation to California Employment Lawyer's Association on mediating wage and hour class actions, 2006 & 2008
- Super Lawyer, *Law & Politics* and *San Francisco Magazine*, 2005 and 2006
- Member and Chair, Civil Justice Reform Act Advisory Group of the United States District Court, Northern District of California, 1995-2000 (Appointed by United District Judge Thelton E. Henderson)
- Board member and Chair, East Bay Community Law Center (formerly the Berkeley Community Law Center), Boalt Hall's largest clinical program and the largest provider of indigent legal services in Alameda County, with 14 staff lawyers serving more than 4,000 clients per year, 1991-present

**Background and Education**

- Bingham McCutchen LLP (formerly McCutchen, Doyle, Brown & Enersen), 1998-2006 (Partner)
- Crosby Heafey Roach & May, Oakland, CA, 1976-1997 (Partner, 1983-1997)
- Attorney, Agricultural Labor Relations Board, 1976 (Staff Attorney)
- J.D., University of California, Hastings College of the Law, 1974 (*Order of the Coif*)
- B.A., Cornell University, 1969

Exhibit "B"

# IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| PAUL O'SULLIVAN, MARIE BROWN, KEO YANG, SARAH BARSOUM, SIRINE DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE MARGERUM, DIANA BARTLETT, YER VANG, and CHERIE DAVIS, individually, and all those similarly situated, <br><br>          Plaintiffs, <br><br>    v. <br><br>DIAMOND PARKING, INC., a Washington corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company; and DOES 1 through 500, inclusive, <br><br>          Defendants. | Case No. 07-03389 VRW <br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT** |

<u>**THIS NOTICE AFFECTS YOUR RIGHTS.**</u>
<u>**PLEASE READ THE ENTIRE NOTICE CAREFULLY.**</u>
<u>**THE UNITED STATES DISTRICT COURT AUTHORIZED THIS NOTICE.**</u>
<u>**THIS IS NOT A SOLICITATION.**</u>

**TO:**    **All individuals who were employed by Diamond Parking, Inc., Diamond Parking Services, LLC or any related entity, including but not limited to Diamond Paymaster, LLC ("DIAMOND PARKING") in the State of California, and who worked as non-exempt hourly employees of DIAMOND PARKING during the period from May 21, 2003 through August 21, 2008 ("SETTLEMENT CLASS MEMBERS").**

If you fit into this category, you are a SETTLEMENT CLASS MEMBER. This Notice contains important information regarding your rights under the proposed settlement. As a SETTLEMENT CLASS

MEMBER, you are entitled to receive a cash payment. If you accept this payment you give up certain potential claims against DIAMOND PARKING.

1. **What are the Critical Dates?**

- **October 14, 2008:**      **The last date to mail your Claim Form if you are willing to be bound by the settlement and want to receive your share of the settlement money.**

- **October 14, 2008:**      **The last date to mail your written request to be excluded from the settlement if you are not willing to be bound by the settlement and do not want to receive any money.**

- **October 14, 2008:**      **The last date to mail any written objection to the settlement.**

- **October 30, 2008:**      **The hearing on any objections and to give final approval to the settlement.**

- **November 19, 2008:**      **The approximate date payment processing begins if there are no objections, appeals, or Court ordered extensions.**

2. **Why Should I Read This Notice?**

This Notice is given pursuant to an Order of the United States District Court for the Northern District of California (the "Court"), dated August 21, 2008. The purpose of this Notice is to inform you of the settlement of a class action lawsuit (hereafter referred to as "the Action") relating to alleged violations of California's wage-and-hour and related laws. The action is entitled *Paul O'Sullivan, et al. v. Diamond Parking, Inc., et al.*, Case No. 07-03389 VRW. The settlement is subject to final approval by the Court. If this occurs, the settlement will result, among other things, in: (a) a distribution of money to SETTLEMENT CLASS MEMBERS who remain in the Class and timely submit the required Claim Form and (b) the dismissal of the pending Action and the release of certain potential or actual claims which SETTLEMENT CLASS MEMBERS may have against DIAMOND PARKING. The material terms of the settlement are described below in more detail.

3. **What is the Action About?**

Suing for themselves and on behalf of all other persons similarly situated, the named Plaintiffs in the Action are Paul O'Sullivan, Marie Brown, Keo Yang, Sarah Barsoum, Sirine Dalloul, Hala Hawa, Monir Hawa, Constance Margerum, Diana Bartlett, Yer Vang, and Cherie Davis (collectively "Named Plaintiffs"). The defendants in the Action are Diamond Parking, Inc. and Diamond Parking Services, LLC (hereinafter "DIAMOND PARKING"). The Action asserts claims against DIAMOND PARKING for failure to pay wages for all time worked, failure to pay overtime wages, failure to pay minimum wages, failure to provide meal and rest periods, failure to reimburse expenses, failure to pay accrued wages and compensation in a timely manner, unfair business practices in violation of Business and Professions Code section 17200, conversion of accrued wages and compensation, and violation Civil Code section 52.1. DIAMOND PARKING denies these claims, but nevertheless has agreed to a settlement which will allow it to focus on its business instead of expending a significant portion of its time and resources defending this litigation.

2

**4.    What Has Occurred in the Action?**

     The Action has been pending since approximately May 21, 2007, and has been vigorously litigated. Following formal and informal discovery and extensive factual and legal investigation, the parties participated in lengthy mediation proceedings. The mediation resulted in the agreement to settle the Action on the terms outlined in this Notice. The parties have entered into a formal Settlement Agreement. The Settlement Agreement is described in more detail below. The proposed settlement was presented to the Court for Preliminary Approval at a hearing on August 21, 2008. At that time, the Court preliminarily approved the settlement, certified the Class for settlement purposes only, appointed class counsel, and approved this Class Notice and the procedures for finalizing the settlement approval process. The Court set October 30, 2008, as the date for the hearing on whether to grant final approval of the settlement.

**5.    What are the Terms of the Settlement Agreement?**

    **A.    Settlement Payment Obligations:** DIAMOND PARKING shall pay a total settlement amount of Eight Hundred Fifty Six Thousand Dollars ($856,000.00 – the Total Settlement Amount), to be allocated, subject to Court approval, as follows:

| | |
|---|---|
| Estimated Maximum Class Payout Amount: | **$ 501,700** |
| Requested Incentive Awards to Named Plaintiffs: | $   72,500 |
| Requested Attorneys' Fees and Costs of Litigation: | $ 256,800 |
| Estimated Administration Costs: | $   25,000 |
| **TOTAL** | **$ 856,000** |

    2.    Estimated payments to SETTLEMENT CLASS MEMBERS: Each qualifying SETTLEMENT CLASS MEMBER will recover the following amounts less all legally authorized and required deductions:

        a.    Each qualifying member of the SETTLEMENT CLASS MEMBER (estimated at 527) employed by DIAMOND PARKING at any time from May 21, 2003 to August 21, 2008, who submits a valid and timely claim form and does not Opt-Out of the settlement will receive a payout of approximately:

            1.    For those individuals employed for a period up to one (1) month, $245.00 per person;

            2.    For those individuals employed for a period of over one month up to six (6) months, $495.00 per person;

            3.    For those individuals employed for a period greater than six (6) months, $1,225.00 per person.

        b.    Each qualifying member of the SETTLEMENT CLASS MEMBER who terminated their employ with DIAMOND PARKING at any time from May 21, 2003 to August 21, 2008, and who submits a valid and timely claim form will receive a (30%) thirty percent premium on the above amounts to compensate terminated employees for California Labor Code section 203 penalties.

    3.    If more than five percent (5%) of SETTLEMENT CLASS MEMBERS "opt-out" of the Settlement, then DIAMOND PARKING may elect to revoke the Settlement.

B.    **Proposed Incentive Payments:** The proposed incentive payment to each Named Plaintiff, subject to the Court's approval, are as follows: Paul O'Sullivan $11,000, Marie Brown $10,000, Keo Yang $750, Sarah Barsoum $5,000, Sirine Dalloul $5,000, Hala Hawa $10,000, Monir Hawa $7,500, Diana Bartlett $7,500, Yer Vang $750, Cherie Davis $5,000 and Constance Margerum $10,000 individual claim against DIAMOND PARKING has been settled separately. These amounts to each Named Plaintiff are to compensate for the time and effort in pursuing this matter on behalf of the Class.

C.    **Attorneys' Fees and Other Payments:** The law firm of Krutcik and Georggin has been provisionally appointed by the Court as counsel to represent the class in this matter ("Class Counsel"). Class Counsel will file a motion with the Court for reimbursement of money they have paid out of their own pockets to advance the case and for an award of attorneys' fees from the Total Settlement Amount in an amount not to exceed 30% of the Total Settlement Fund. DIAMOND PARKING has agreed that it will pay up to $25,000 in costs to administer the settlement. The actual amount of costs reimbursed and attorneys' fees awarded shall be determined by the Court and may be less than the amount sought by Class Counsel.

## 6.    Am I Bound by the Settlement Agreement?

If you do not opt out of the Class (the procedure for opting out is explained in Paragraph 9 below) you will be considered a member of the Class and will be bound by the Settlement Agreement. The Settlement Agreement will bar any person who is a member of the Class from seeking relief from DIAMOND PARKING, other than provided for in the Settlement Agreement, for any and all claims described in the Settlement Agreement and Paragraph 7 below.

## 7.    What Claims Am I Releasing?

The brief and general summary of the Settlement Agreement in this notice does not include all of the terms and conditions of the proposed settlement. The only complete statement of the terms of the proposed settlement is found in the actual Settlement Agreement provisionally approved by the Court. You may obtain a copy of the Settlement Agreement by contacting Krutcik and Georggin at the number listed below.

A.    **Release:** By acknowledging that you are a SETTLEMENT CLASS MEMBER in the above-named lawsuit and participating in the settlement, you are agreeing that the settlement is a fair settlement of any and all disputed claims you may have for wages, expenses and/or penalties arising out of your employment with DIAMOND PARKING. Attorneys' fees and costs have already been deducted from this settlement amount to reimburse Class Counsel for attorneys' fees, costs and expenses of administering the Settlement, but standard tax withholdings for wage payments will be deducted from this amount. In exchange for payment in accordance with this settlement, you and your respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns hereby forever completely release and forever discharge Diamond Parking, Inc., Diamond Parking Services, LLC and their former and present officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and affiliated entities including, but not limited to, Diamond Paymaster LLC ("Released Parties"), from any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal constitution, statute, rule or regulation, including state wage and hour laws, the California Labor Code, the California

Civil Code, California Business and Professions Code section 17200 et seq., the federal Fair Labor Standards Act of 1938, as amended ("FLSA") and the federal Employee Retirement Income Security Act, whether for economic damages, wages, non-economic damages, restitution, penalties or liquidated damages, arising out of, relating to, or in connection with any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that DIAMOND PARKING: (a) did not pay its non-exempt employees all amounts due for work that was performed by its non-exempt employees; (b) did not pay non-exempt employees all amounts due for overtime work that was performed by its non-exempt employees; (c) did not pay non-exempt employees minimum wages due for work that was performed by its non-exempt employees; (d) did not provide its non-exempt employees with the proper meal and rest periods; (e) did not reimburse its non-exempt employees for expenses incurred; (f) did not timely pay its non-exempt employees all amounts due for work that was performed by its non-exempt employees; (g) engaged in unfair business practices pursuant to Business and Professions Code Section 17200; (h) converted the wages and compensation of its non-exempt employees; (I) violated Civil Code Section 52.1; (j) owes wages, penalties, interest, waiting time penalties, attorneys' fees or other damages of any kind based on a failure to comply with any state or federal wage and hour law or regulation related to work that was performed by Plaintiffs, as related to the foregoing, for alleged unlawful practices under the California Labor Code, California Civil Code, or California Business and Professions Code, at any times on or before August 21, 2008; and/or the causes of action asserted in the Action ("Released Claims").

B.    **Waivers of California Civil Code section 1542:** By acknowledging that you are a SETTLEMENT CLASS MEMBER in the above-named lawsuit and participating in the settlement you acknowledge that you have read and understood the provisions of Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

By filling out a Claim Form and participating in the settlement, you are acknowledging that you understand Section 1542 gives you the right not to release existing claims of which you are presently unaware, unless you voluntarily choose to waive this right. You acknowledge that you may hereafter discover facts in addition to or different from those you now know or believe to be true with respect to the subject matter of the Released Claims, but upon the date the Court finally approves this settlement, you shall be deemed to have fully finally and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard to the subsequent discovery or existence of such different or additional facts. HAVING BEEN SO APPRISED, PARTICIPATION IN THE SETTLEMENT HEREBY ACKNOWLEDGES THAT YOU VOLUNTARILY ELECT TO, AND DO, WAIVE THE RIGHTS DESCRIBED IN SECTION 1542, AND ELECT TO ASSUME ALL RISKS FOR CLAIMS THAT NOW

EXIST IN YOUR FAVOR, KNOWN OR UNKNOWN, RELATING TO THE SUBJECT OF THIS AGREEMENT.

## 8.   Why Are Class Counsel Recommending This Settlement?

Relative to the risks and costs of continuing the litigation, Class Counsel believe this settlement provides a favorable recovery which is in the best interests of the Class.  Absent settlement, Named Plaintiffs would have to secure class certification on the claims set forth in the Action over the strenuous opposition of DIAMOND PARKING.  Additionally, at trial, Named Plaintiffs would have the burden of proof to establish liability and the amount of damages.  In Class Counsel's judgment, were this case to proceed, there is a significant risk of an adverse result both at the certification stage and at trial in these respects.  The case involves many unresolved factual and legal issues, some of which could be decided against Named Plaintiffs at or before trial, and which would jeopardize Named Plaintiffs' ability to certify a class or to obtain a favorable judgment and preserve it on appeal.  DIAMOND PARKING agreed to these settlement terms because it wishes to avoid costly, disruptive, and time-consuming litigation and desires to obtain complete and final settlement of the claims of Named Plaintiffs and SETTLEMENT CLASS MEMBERS in order to focus on its business.  DIAMOND PARKING does not, however, admit any wrongdoing or liability by entering into this settlement.

In addition, settling the case now has the further advantage of avoiding the very substantial additional costs and delay that further litigation would involve.  DIAMOND PARKING has made it clear that it would seek appellate review before trial of any grant of class certification outside the settlement context and that it would appeal any final adverse result at trial.  Thus, absent settlement, it is likely the litigation will continue for years before SETTLEMENT CLASS MEMBERS receive a monetary recovery, if any.  Given the costs involved in further litigation and the time-value of money, even if a favorable judgment were obtained at trial, it could well produce less net recovery to the class members than the present settlement.

## 9.   What If I Do Not Wish To Participate In The Settlement?

A.   **Opt-Out Procedure**:  If you wish to remove yourself from the monetary benefits of this proposed settlement, you must file a written "Request to Opt-Out" statement with Clerk of Court, United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, following the procedure below, on or before October 14, 2008.  If you opt out, you will have no right to file a Claim Form requesting a monetary award.  You must also send copies of your "Request to Opt-Out" statement to Class Counsel and counsel for Diamond parking, addressed to the following:

**KRUTCIK & GEORGGIN**
Mr. A. Nicholas Georggin or
Mr. James A. Krutcik
26021 Acero
Mission Viejo, CA  92691

**DAVIS WRIGHT TREMAINE LLP**
Mr. John LeCrone
865 South Figueroa St., Suite 2400
Los Angeles, CA  90017

Your Opt-Out statement will not be effective unless it is received by the Court on or before October 14, 2008. You should note the name of the case, O'Sullivan, et al. v. Diamond Parking Inc., et al, Case No. 07-03389 VRW, on both your Request to Opt-Out statement and on your envelope. If you opt out of this lawsuit, (a) you will have no right to file a claim form requesting an award or to receive any money at all under the settlement of this case; (b) you will not be bound by the individual monetary relief of the settlement in this lawsuit; and (c) you may bring a separate lawsuit against DIAMOND PARKING if you so desire. If you opt out of this lawsuit and bring a separate lawsuit, however, it may take several years to resolve your individual lawsuit, you may lose your case and receive nothing, or you may win your case and receive more or less than you would have received if you had filed a claim under the class settlement procedures outlined in the Settlement Agreement.

To opt out of this lawsuit, you must submit your full name, address, Social Security number, and a signed and dated copy of the following statement:

"I am a Settlement Class Member in the lawsuit of O'Sullivan v. Diamond Parking Inc. et al, Civil Action No. 07-03389. I wish to opt-out of the monetary settlement of this case. I understand that by requesting to be excluded from the Class monetary settlement, I will receive no money whatsoever from Diamond Parking under the Settlement Agreement entered into by the Plaintiffs and Diamond Parking, and preliminarily approved as fair and reasonable on August 21, 2008. I understand that I may bring a separate lawsuit, in which I will not be represented by Class Counsel; however, I understand that in any separate lawsuit I may receive nothing, or I may receive more or less than I would have received if I had filed a claim under the class settlement procedures outlined in the Settlement Agreement."

**B.**    **If You Wish to be Excluded You Must Opt-Out:** If you do not fall within the description of persons to whom this Class Notice on page 1, you are *not* a member of the Class and will not participate in the settlement despite your receipt of this Class Notice. You need do nothing further. If you do fall within the description of persons on page 1, you *are* a member of the Class and will participate in the settlement and be bound by it unless you submit a valid and timely request for exclusion. That is, YOU MUST STATE YOU WANT TO BE EXCLUDED OR YOU WILL BE INCLUDED. If you do submit a valid and timely request for exclusion, you will have no rights under the settlement, will not receive any money, and will not be bound by the Settlement Agreement or the Final Judgment which the Court enters to implement the settlement.

**10.**    **What Are The Procedures For Participating In The Settlement?**

If you do not request exclusion from the class as discussed above, you are and will remain a SETTLEMENT CLASS MEMBER. All SETTLEMENT CLASS MEMBERS will be bound by the settlement. As a SETTLEMENT CLASS MEMBER, you may enter a legal appearance individually or through your own counsel at your own expense. Otherwise, Class Counsel will represent your rights at no separate expense to you.

DIAMOND PARKING has agreed and continues to agree that it will not retaliate in any way against any person who submits a claim. DIAMOND PARKING management <u>cannot</u>, however, assist you in filing a claim under this settlement.

**A.**    **Submission of a Claim Form:**  Each individual SETTLEMENT CLASS MEMBER who files a timely claim form will recover a proportionate amount of the Settlement Fund based upon the number of weeks worked as an employee of DIAMOND PARKING and job title between May 21, 2003 and August 21, 2008, minus expenses and fees awarded by the Court. Your recovery may increase if either the Court awards a lesser amount of attorneys' fees or if some class members either choose to opt out of the Class or fail to make a claim as a member of the Class. If you do nothing, then you will remain in the proposed Class but will **not** receive a monetary award.  **TO RECEIVE A SHARE OF THE SETTLEMENT PROCEEDS, <u>YOU</u> MUST COMPLETE AND SIGN THE CLAIM FORM INCLUDED WITH THIS CLASS NOTICE AND MAIL IT BY FIRST-CLASS OR EQUIVALENT MAIL TO THE CLAIMS ADMINISTRATOR, EPIQ SYSTEMS, INC., AT THE ADDRESS BELOW, POSTMARKED ON OR BEFORE THE DEADLINE, WHICH IS OCTOBER 14, 2008.**

EPIQ Systems, Inc.
10300 SW Allen Blvd
Beaverton, OR  97005

**B.**    **Additional Information:**  If you believe you may be a SETTLEMENT CLASS MEMBER and/or want additional information of any sort, you may write or call Class Counsel at the following address, telephone number, or email address:

**KRUTCIK & GEORGGIN**
Mr. A. Nicholas Georggin or
Mr. James A. Krutcik
26021 Acero
Mission Viejo, CA  92691
(949) 367-8590
Toll Free Telephone Number: (866) 729-2435
Email:  ngeorggin@kglawoffices.com

**C.**    **Final Hearing:**  A final hearing to approve the settlement will be held on September 22, 2008, at 2:30 p.m. in Courtroom 6 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California 94102 (the "Final Hearing"). The Court will also be asked to approve Class Counsel's request for attorney's fees, reimbursement of costs and Named Plaintiffs' incentive awards. The Final Hearing will conclude the cases by dismissal and permit the distribution of money as set-out above.

Subject to the conditions set forth below, any member of the Class may object to the proposed settlement and may appear to be heard at the Final Hearing. If you want to object to the proposed Settlement Agreement, you must file any objections in writing with the Clerk of Court, United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, California 94102, on or before October 14, 2008, in which you state fully the basis for your objection. You must also send copies of your objection to Class Counsel and counsel for DIAMOND PARKING, addressed as follows:

8

**KRUTCIK & GEORGGIN**
Mr. A. Nicholas Georggin or
Mr. James A. Krutcik
26021 Acero
Mission Viejo, CA 92691

**DAVIS WRIGHT TREMAINE LLP**
Mr. John LeCrone
865 South Figueroa St., Suite 2400
Los Angeles, CA 90017

In addition to filing your objection, you may also appear at the hearing to be held on October 14, 2008, at 2:30 p.m. in Courtroom 6 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California 94102, to have your objection heard by the Court. Objections not previously filed in writing before the October 14, 2008 deadline will not be considered. Any attorney who will represent an individual objecting to the Settlement Agreement must file a notice of appearance with the Court and serve a copy on counsel for all parties on or before October 14, 2008. All objections or other correspondence must state the name and number of the case, which is O'Sullivan, et al. v. Diamond Parking Inc., et al., Case No. 07-03389 VRW.

11. **Where Can I Find Additional Information?**

   A.  **Copies of the Settlement Agreement:** This Class Notice contains only a summary of the Action and terms of the proposed settlement. For more detail, the pleadings and other records in the Action and the full Settlement Agreement are available for inspection by you or your representative in person at the address set forth in Paragraph 11(C) above. You may obtain a copy of the Settlement Agreement at your own expense from the Office of the Clerk. Alternatively, you may obtain a copy from Class Counsel at the address below.

   B.  **Address Changes**: It is your responsibility to keep Class Counsel and the Claims Administrator updated with your address and phone number. If you do not keep Class Counsel and the Claims Administrator informed of your correct address, any potential entitlement that you may have to receive an individual monetary award may be forfeited. Please mail any change of address along with your signature, Social Security number, date of birth, former address and new address to Class Counsel at the address set forth in Paragraph 9(B) above, or to the Claims Administrator at the address set forth in Paragraph 9(A) above.

12. **What If the Settlement Agreement is Not Approved?**

If the Settlement Agreement is not approved by the Court, the conditional settlement will be voided, no money will be paid, and the case will proceed to trial. However, if that happens there is no assurance: (a) that a class will be certified so that a class action trial is held; (b) that any decision at trial would be in favor of class members; (c) that a favorable trial decision, if any, would be as favorable to the class members as this settlement; or (d) that any such favorable trial decision would be upheld if any appeal was filed.

**13.**   <u>**Inquiries regarding the Action or this settlement should be addressed to**</u>:

**KRUTCIK & GEORGGIN**
Attn:  A. Nicholas Georggin
          James A. Krutcik, Esq. or

26021 Acero
Mission Viejo, CA  92691
Toll Free Telephone Number: (866) 729-2435
Telephone Number: (949) 367-8590
Email:  ngeorggin@kglawoffices.com
Class Counsel for Plaintiffs

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

DATED:          _____, 2008          By Order of
                                          The Honorable Vaughn R. Walker,
                                          Chief Judge, United States District Court
                                          For the Northern District of California

Exhibit "C"

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
*Paul O'Sullivan, et al., v. Diamond Parking, Inc., et al.,* Case No. C 07-03389 VRW
Chief Judge Vaughn R. Walker, Courtroom 6
c/o EPIQ Systems, Inc. located at 10300 S.W. Allen Blvd., Beaverton, Oregon 97005
Telephone: (503) 350-5822
Facsimile: (503) 350-5258
Email: cazari@epiqsystems.com

## CLAIM FORM

**TO RECEIVE A RECOVERY YOU MUST COMPLETE, SIGN AND MAIL, FAX, OR EMAIL
THIS CLAIM FORM ON OR BEFORE OCTOBER 14, 2008**

The undersigned declares under penalty of perjury under the laws of the State of California that he or she has read the Notice of Proposed Class Action Settlement, will be bound to the terms of the Settlement and Release therein, is entitled to the settlement payment and that no other person and or entity has a claim to any settlement monies that he or she will receive. The undersigned fully and forever releases Diamond Parking, Inc., Diamond Parking Services, LLC, and all related entities, from all claims and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted in the action as fully described in the Notice of Proposed Class Action Settlement.

XXX-XX-_____          _____          _____
Social Security Number (Last Four Digits **ONLY**)          Sign your name here          Date

(_____)  _____          (_____)          _____
Area Code    Home Telephone Number          Area Code          Work Telephone Number

Name/Address Changes (if any):

      First Last          _____
      c/o
      Address          _____
      City, ST Zip          If you move, be sure to send your CHANGE OF ADDRESS
              to EPIQ Systems, Inc. at the address above.

Former Names (if any): _____

Exhibit "D"

DAVIS WRIGHT TREMAINE LLP

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PAUL O'SULLIVAN, MARIE BROWN, KEO YANG, SARAH BARSOUM, SIRINE DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE MARGERUM, DIANA BARTLETT, YER VANG, and CHERIE DAVIS, individually, and all those similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>DIAMOND PARKING, INC., a Washington corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company; and DOES 1 through 500, inclusive,<br><br>        Defendants. | Case No.  07-03389 VRW<br><br>**SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS** |

## I.     SCOPE AND PURPOSE OF SETTLEMENT AGREEMENT

This Settlement Agreement of Class Action Claims ("Settlement," or "Agreement") is made by Paul O'Sullivan, Marie Brown, Keo Yang, Sarah Barsoum, Sirine Dalloul, Hala Hawa, Monir Hawa, Constance Margerum, Diana Bartlett, Yer Vang, and Cherie Davis ("Named Plaintiffs") on behalf of themselves and a Settlement Class of similarly situated individuals (hereafter defined), on the one hand, and the defendants Diamond Parking, Inc. and Diamond

1

1  Parking Services, LLC and their subsidiaries and related entities including, but not limited to,

2  Diamond Paymaster LLC (collectively "Diamond Parking" or "Defendants"), on the other hand, in

3  the action pending in the United States District Court for the Northern District of California,

4  Oakland Division ("District Court"), Case No. 07-03389 VRW ("Class Action" or "Action"), and

5  subject to the approval of the District Court.

6       **A.**    Class Certification.  Solely for purposes of this Settlement, the Parties stipulate and

7  agree to define a single settlement class.  The "Settlement Class" (or "Class") consists of those

8  who worked as non-exempt parking lot attendants, checkers, valets, office workers, or

9  maintenance workers for Diamond Parking (hereinafter referred to as "Non-Exempt Employees"

10  or "Class Members") in the State of California at any time during the inclusive period of May 21,

11  2003, through the date of the Court's preliminary approval of the Settlement Agreement, ("Class

12  Period").

13       **B.**    Limited Purpose of Class Certification Agreement.  The Parties stipulate and agree

14  to the certification of the Class Action for purposes of this Settlement only.  Should for whatever

15  reason the Settlement not become final, the fact that the Parties were willing to stipulate to class

16  certification as part of the Settlement shall have no bearing on, and shall not be admissible in

17  connection with, the issue of whether a class should be certified in a non-settlement context in this

18  Action and shall have no bearing on, and shall not be admissible in connection with, the issue of

19  whether a class should be certified in any other lawsuit.  Diamond Parking expressly reserves its

20  right to oppose class certification should this Settlement not become final.

21  **II.    PROCEDURAL HISTORY**

22       The Action was originally filed by Named Plaintiffs in the Superior Court of the State of

23  California for the County of Alameda on May 21, 2007, and served on Defendant on June 4, 2007.

24  The case was removed to the United States District Court for the Northern District of California,

25  Oakland Division on June 27, 2007.  The Complaint alleged class action causes of action against

26  Defendants for failure to pay wages for all time worked, failure to pay overtime wages, failure to

27  pay minimum wages, failure to provide meal and rest periods, failure to reimburse expenses, late

28  payment of accrued wages and compensation, unfair business practices in violation of Business

DAVIS WRIGHT TREMAINE LLP

SETTLEMENT OF CLASS CLAIMSError! Reference source not found.
Case No.  07-03389.

DWT 2164120v1 0053052-000029

1  and Professions Code Section 17200, conversion of accrued wages and compensation, and

2  violation of Civil Code Section 52.1.

3  **III.    INVESTIGATION OF THE CLASS ACTION**

4      The Parties have conducted significant investigations of the facts and law during the

5  prosecution of this Action. Such investigations have included: the exchange of information; a

6  review and analysis of Non-Exempt Employee time card data provided by Diamond Parking

7  regarding Non-Exempt Employees in California; meetings and telephone conferences; and

8  interviews of potential witnesses regarding their job duties, compensation and hours of work.

9  Counsel for the Parties has further investigated the applicable law regarding the alleged claims of

10  the Named Plaintiffs and potential defenses thereto, and the damages claimed by the Named

11  Plaintiffs on their own behalf and on behalf of Non-Exempt Employees.

12  **IV.    BENEFITS OF SETTLEMENT TO CLASS MEMBERS**

13      Named Plaintiffs recognize the expense and length of continued proceedings necessary to

14  continue the litigation against Diamond Parking through summary judgment and dismissal

15  motions, class certification, trial and any possible appeals. Named Plaintiffs have also taken into

16  account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays

17  inherent in such litigation. Named Plaintiffs are also aware of the burdens of proof necessary to

18  establish class certification and liability for the claims asserted in the Action (the "Claims" or

19  "Class Action Claims"), Diamond Parking's defenses thereto, and the difficulties in establishing

20  liability for the Named Plaintiffs. Named Plaintiffs have also taken into account the settlement

21  negotiations in the instant case, which included a meeting of counsel and negotiations between

22  counsel with the aid of an experienced mediator, Michael Loeb, Esq. of JAMS Endispute, that

23  ended in a working settlement agreement on most terms on September 26, 2007. Based on the

24  foregoing, Named Plaintiffs have determined that the Settlement set forth in this Agreement is a

25  fair, adequate and reasonable settlement, and is in the best interests of the Class.

26  **V.    DIAMOND PARKING'S REASONS FOR SETTLEMENT**

27      Diamond Parking has concluded that any further defense of this litigation would be

28  protracted and expensive for the Parties. Substantial amounts of time, energy and resources of

DAVIS WRIGHT TREMAINE LLP

3

1  Diamond Parking have been expended and, unless this Settlement is made, will continue to be

2  devoted to the defense of the claims asserted by Named Plaintiffs and the Class.  Without

3  admitting liability, Diamond Parking has, therefore, agreed to settle in the manner and upon the

4  terms set forth in this Agreement in order to put to rest the claims as set forth in the Class Action

5  Complaint.

6  **VI.    DIAMOND PARKING'S DENIAL OF WRONGDOING**

7          Diamond Parking has denied and continues to deny each of the claims and contentions

8  alleged by Named Plaintiffs in the Action.  Diamond Parking has repeatedly asserted and

9  continues to assert defenses thereto, and has expressly denied and continues to deny any

10 wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.

11 Neither this Agreement, nor any document referred to or contemplated herein, nor any action

12 taken to carry out this Agreement, may be construed as, or may be used as, an admission,

13 concession or indication by or against Diamond Parking of any fault, wrongdoing or liability

14 whatsoever.

15 **VII.   NAMED PLAINTIFFS' CLAIMS**

16         Named Plaintiffs have claimed and continue to claim that the Released Claims (as defined

17 below) have merit and give rise to liability on the part of Diamond Parking.  Neither this

18 Agreement, nor any documents referred to herein, nor any action taken to carry out this

19 Agreement, may be construed as or may be used as an admission by or against Named Plaintiffs or

20 Class Counsel as to the merits or lack thereof of the claims asserted.

21

22 **VIII.  SETTLEMENT TERMS**

23         NOW, THEREFORE, IT IS HEREBY STIPULATED by the Named Plaintiffs on behalf

24 of the Class, on the one hand, and Diamond Parking, on the other hand, and subject to the

25 approval of the District Court, that the Class Action is hereby being compromised and settled

26 pursuant to the terms and conditions set forth in this Agreement and that upon the Effective Date

27 (as defined below), the Class Action shall be settled, subject to the recitals set forth herein above

28

DAVIS WRIGHT TREMAINE LLP

1  which by this reference become an integral part of this Agreement, and subject to the following
2  terms and conditions:

3      **A.**    Effective Date. As used in this Settlement, the "Effective Date" shall be the first
4  date after all of the following events and conditions have been met or have occurred:

5          **1.**    The COURT has, by entry of a PRELIMINARY APPROVAL ORDER:

6              **a.**    Approved the conditional certification of the relevant
7  SETTLEMENT CLASS; and

8              **b.**    Preliminarily approved the Settlement set forth in this
9  SETTLEMENT AGREEMENT, and the method of providing CLASS NOTICE to the relevant
10 SETTLEMENT CLASS.

11         **2.**    The deadline has passed without action for any Party to terminate the
12 SETTLEMENT AGREEMENT pursuant to paragraph VIII.K.5; and

13         **3.**    If there is no timely objection or intervention, the date the COURT has
14 entered a FINAL APPROVAL ORDER approving this Settlement; or

15         **4.**    If there is a timely objection or intervention, the time to appeal from the
16 FINAL APPROVAL ORDER has expired and no notice of appeal has been filed; and

17         **5.**    In the event that an appeal is actually filed, the latest of the following, if
18 applicable, has occurred:

19             **a.**    Any appeal from the FINAL APPROVAL ORDER has been finally
20 dismissed;

21             **b.**    The FINAL APPROVAL ORDER has been affirmed on appeal in a
22 form substantially identical to the form of the FINAL APPROVAL ORDER entered by the
23 COURT;

24             **c.**    The time to petition for review with respect to any appellate decision
25 affirming the FINAL APPROVAL ORDER has expired; and

26             **d.**    If a petition for review of an appellate decision is filed, the petition
27 has been denied or dismissed, or, if granted, has resulted in affirmance of the FINAL APPROVAL
28

DAVIS WRIGHT TREMAINE LLP

5

1  ORDER in a form substantially identical to the form of the FINAL ORDER entered by the

2  COURT.

3        **B.**    Full Investigation.  Named Plaintiffs and Class Counsel have fully investigated the

4  factual and legal bases for the causes of action asserted in the Class Action.  As a result of their

5  investigation, Named Plaintiffs continue to believe that Diamond Parking failed to pay wages for

6  all time worked, failed to pay overtime wages, failed to pay minimum wages, failed to provide

7  meal and rest periods, failed to reimburse expenses, failed to pay accrued wages and compensation

8  in a timely manner, engaged in unfair business practices in violation of Business and Professions

9  Code Section 17200, engaged in conversion of accrued wages and compensation, and violated

10 Civil Code Section 52.1.  Diamond Parking denies that it failed to pay wages for all time worked,

11 failed to pay overtime wages, failed to pay minimum wages, failed to provide meal and rest

12 periods, failed to reimburse expenses, failed to pay accrued wages and compensation in a timely

13 manner, engaged in unfair business practices in violation of Business and Professions Code

14 Section 17200, engaged in conversion of accrued wages and compensation, and violated Civil

15 Code Section 52.1.  Given the disagreement between the Parties, as to the viability of the claims

16 raised by Named Plaintiffs in the Class Action, the Parties believe the Settlement provided for

17 herein is a fair, adequate and reasonable settlement.

18        **C.**    Release As To All Class Members.  As of the Effective Date, the Class Members

19 and the Named Plaintiffs, release Diamond Parking, Inc. and Diamond Parking Services, LLC and

20 each of their past or present officers, directors, shareholders, employees, agents, principals,

21 representatives, accountants, auditors, consultants, insurers and re-insurers, and their respective

22 successors and predecessors in interest, subsidiaries (including, but not limited to Diamond

23 Paymaster, LLC), affiliates, parent companies and attorneys and each of their company-sponsored

24 employee benefit plans and all of their respective officers, directors, employees, administrators,

25 fiduciaries, trustees and agents (the "Released Parties"), from the "Released Claims."

26        For purposes of this Agreement, the "Released Claims" are defined as:  all claims,

27 demands, rights, liabilities, and causes of action of every nature and description whatsoever,

28 known or unknown, asserted or that might have been asserted, whether in tort, contract, or for

DAVIS WRIGHT TREMAINE LLP

SETTLEMENT OF CLASS CLAIMS**Error! Reference source not found.**
Case No.  07-03389.                                                                    DWT 2164120v1 0053052-000029

1    violation of any state or federal constitution, statute, rule or regulation, including but not limited to

2    state wage and hour laws, the California Labor Code, the California Civil Code, California

3    Business and Professions Code section 17200 et seq., the federal Fair Labor Standards Act of

4    1938, as amended ("FLSA") and the federal Employee Retirement Income Security Act, whether

5    for economic damages, wages, non-economic damages, restitution, penalties or liquidated

6    damages, arising out of, relating to, or in connection with any and all facts, transactions, events,

7    policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could

8    be the basis of claims that: (a) Diamond Parking did not pay Non-Exempt Employees all amounts

9    due for work that was performed by the Non-Exempt Employees of Diamond Parking; (b)

10   Diamond Parking did not pay Non-Exempt Employees all amounts due for overtime work that

11   was performed by the Non-Exempt Employees of Diamond Parking; (c) Diamond Parking did not

12   pay Non-Exempt Employees minimum wages due for work that was performed by the Non-

13   Exempt Employees of Diamond Parking; (d) Diamond Parking did not provide Non-Exempt

14   Employees with the proper meal and rest periods; (e) Diamond Parking did not reimburse Non-

15   Exempt Employees for expenses incurred; (f) Diamond Parking did not timely pay Non-Exempt

16   Employees all amounts due for work that was performed by the Non-Exempt Employees of

17   Diamond Parking; (g) Diamond Parking engaged in unfair business practices pursuant to Business

18   and Professions Code Section 17200; (h) Diamond Parking converted the wages and

19   compensation of Non-Exempt Employees; (i) Diamond Parking violated Civil Code Section 52.1;

20   (j) that Diamond Parking owes wages, penalties, interest, waiting time penalties, attorneys' fees or

21   other damages of any kind based on a failure to comply with any state or federal wage and hour

22   law or regulation related to work that was performed by Plaintiffs, as related to the foregoing, for

23   alleged unlawful practices under the California Labor Code, California Civil Code, or California

24   Business and Professions Code, at any times on or before the last day of the Class Period; and/or

25   the causes of action asserted in the Class Action.

26         The Named Plaintiffs and/or Class Members have read and understood the provisions of

27   Section 1542 of the California Civil Code, which provides as follows:

28   / / /

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Named Plaintiffs and/or Class Members understand that Section 1542 gives them the right not to release existing claims of which they are presently unaware, unless they voluntarily choose to waive this right. Having been so apprised, they nevertheless hereby voluntarily elect to, and do, waive the rights described in Section 1542, and elect to assume all risks for claims that now exist in her favor, known or unknown, relating to the subject of this Agreement.

The Named Plaintiffs and/or Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have fully finally and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard to the subsequent discovery or existence of such different or additional facts.

The Named Plaintiffs and/or Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims. Prior to, and as a condition of receiving a Settlement Award, Class Members will be required to sign a release releasing all Released Claims against any of the Released Parties.

**D.**    Settlement Fund. The term "Settlement Fund" shall refer to the funds that Diamond Parking will distribute in accordance with Paragraph H below.

DAVIS WRIGHT TREMAINE LLP

8

SETTLEMENT OF CLASS CLAIMSError! Reference source not found.
Case No.  07-03389.

DWT 2164120v1 0053052-000029

**E.**    Allocation of Settlement Fund. The Settlement Fund has a maximum payout value of $856,000 (unless the number of Class Members exceeds 600 members as of September 26, 2007, as described in paragraph I(4)), inclusive of payments to Class Members, attorneys' fees and costs of Class Counsel incurred in the Action, fees and costs to be incurred in connection with documenting and obtaining approval of the settlement, tax withholdings (not including the employer portion of those withholdings), interest, enhancements paid to the Named Plaintiffs, all costs of administration, and costs and fees associated with obtaining dismissal of the Action.

The Settlement Fund shall be allocated among these elements: (a) the total of all Settlement Awards paid to the Class Members plus deductions made for the Class Member's portion of payroll deductions as explained in paragraph F(3) below; (b) a one-time enhanced payment to each of the Named Plaintiffs in the total amount not to collectively exceed $72,500 for their service as Class Representatives; (c) the Fee Award (hereafter defined) to Class Counsel, which remains subject to the approval of the Court; and (d) the actual costs of administering the settlement.

**F.**    Plan of Allocation for Payment to Class Members. Plaintiffs shall determine the allocation and distribution of funds to the Settlement Class Members in a manner that results in a complete distribution of that portion of the Settlement Fund.

In accordance with Paragraph K(7) below, Diamond Parking shall pay the Settlement Awards (as hereinafter defined) to the Settlement Class Members (hereafter defined) in accordance with the following eligibility and settlement formula requirements:

**1.**    Excluded from becoming Settlement Class Members are those Class Members who submit valid and timely requests for exclusion pursuant to the terms and procedures of the Notice of Proposed Class Action Settlement (filed herewith).

**2.**    All Class Members entitled to participate in the Settlement will be eligible to submit a claim for a "Settlement Award" (hereafter defined). If a Class Member entitled to participate in the Settlement submits a timely and properly completed Claim Form (attached as Exhibit 2 hereto), then the Class Member will be a "Settlement Class Member." Diamond Parking will pay Settlement Awards to Settlement Class Members.

DAVIS WRIGHT TREMAINE LLP

1       **3.**     A Settlement Class Member's Settlement Award will be calculated as a

2   function of the position held and total workweeks worked by the Settlement Class Member during

3   the Class Period.  Thirty three and one-third percent (33 1/3%) of each Settlement Class Member's

4   Settlement Award shall be considered wages ("Gross Wage Component"), thirty three and one-

5   third percent (33 1/3%) shall be considered interest, and thirty three and one-third percent (33

6   1/3%) shall be considered penalties.  From each Settlement Class Member's Gross Wage

7   Component, payroll deductions will be made for the employee and employer's portion of federal

8   withholding taxes, and any other applicable payroll deductions, owed as a result of the payment,

9   resulting in a "Net Wage Component."  The employee's portion of the payroll deductions shall be

10  paid by the Settlement Fund.  The employer's portion of the payroll deductions shall be paid by

11  Diamond Parking and shall not come out of the Settlement Fund.  The Net Wage Component shall

12  be added to interest and penalties amounts, resulting in the Net Settlement Amount.  The "Net

13  Settlement Amount" that will be paid to each Settlement Class Member is that Settlement Class

14  Member's "Settlement Award."

15      **4.**     The Settlement Class Members are solely responsible for all tax

16  consequences associated with the Settlement Awards.  In the event that the Internal Revenue

17  Service later re-characterizes some or all of the Settlement Awards as " wages" subject to income

18  tax withholding, the Settlement Class Members agree to pay any income tax payments, penalties

19  and interest resulting from such re-characterization that are the responsibility of the Settlement

20  Class Members.

21      **5.**     If fewer than all Class Members become Settlement Class Members, any

22  residual from the portion of the Settlement Fund initially set aside for payments to Settlement

23  Class Members shall be reallocated and distributed to the participating Settlement Class Members

24  when Settlement Awards are distributed.

25

26  / / /

27  / / /

28  / / /

10

DAVIS WRIGHT TREMAINE LLP

**G.**    Fees Award and Enhancement to Named Plaintiffs.

**1.**    Krutcik & Georggin ("Plaintiffs' Counsel" or "Class Counsel") will file a motion with the Court for reimbursement of money they have paid out of their own pockets to advance the case and for an award of attorneys' fees from the Settlement Fund. Diamond Parking supports Class Counsel's request for award of attorneys' fees and costs. The Parties agree that the Fee Award shall be for all claims for attorneys' fees and costs past, present and future incurred in the Action. The actual cost of administration shall be paid from the Settlement Fund.

**2.**    Diamond Parking agrees, subject to Court Approval and Named Plaintiff's execution of a Release of Claims, to pay an Enhancement to each Named Plaintiff in the total amount not to collectively exceed $72,500. This Enhancement is for each Named Plaintiffs' time, effort and risk spent pursuing the Action and his or her service as a Class Representative. The Enhancement shall be paid out of and deducted from the Settlement Fund. Diamond Parking agrees to support such an application. The Named Plaintiffs' Enhancements will not be taxed as wages but as "other income." Each Named Plaintiff will receive an IRS Form 1099 in connection with the Enhancement.

**3.**    The Named Plaintiffs are solely responsible for all tax consequences associated with the Enhancements. In the event that the Internal Revenue Service later re-characterizes some or all of the Enhancements as " wages" subject to income tax withholding, the Named Plaintiffs agree to pay any income tax payments, penalties and interest, resulting from such re-characterization that are the responsibility of the Named Plaintiffs.

**H.**    Responsibilities of Diamond Parking. Diamond Parking shall not retaliate in any way against any person who submits a claim in this Class Action and shall:

**1.**    As described above in paragraph E, pay for costs and expenses of administering this Settlement through the Claims Administrator, estimated at $25,000, after the Claims Administrator has submitted bills to Diamond Parking and those bills have been approved by Diamond Parking and Class Counsel, and such approval shall not be unreasonably withheld;

**2.**    Provide Class Counsel with the names, Social Security numbers, most current mailing address information it has for the Class Members, within 14 days after entry of the Preliminary Approval Order;

**3.**    Pay, or cause to be paid, the Enhancement to the Named Plaintiffs from the Settlement Fund within 7 calendar days after the Effective Date;

**4.**    Pay, or cause to be paid, the Attorney's Fees Award to Class Counsel from the Settlement Fund within 7 calendar days after the Effective Date; and

**5.**    Do, or have done, the accounting necessary to determine the payroll deductions from the 33 1/3% wage payment to each eligible Settlement Class Member, and complete and issue the appropriate IRS Form 1099 and Form W-2 to each paid Settlement Class Member.

**6.**    Pay, or cause to be paid, the Settlement Awards to the Settlement Class Members from the Settlement Fund within 20 calendar days after the Effective Date;

**I.**    Operation of the Settlement Fund.

**1.**    At no time shall Diamond Parking have the obligation to segregate the funds comprising the Settlement Fund from its other assets.

**2.**    Diamond Parking will calculate the net amount to be paid to each of the Settlement Class Members from the Settlement Fund in accordance with the terms and provisions of this Agreement.

**3.**    No person shall have any claim against Diamond Parking, Diamond Parking's Counsel, the Named Plaintiffs, the Class, Class Counsel or any Claims Administrator that may be employed in connection with the administration of this Agreement based on distributions and payments made in accordance with this Agreement.

**4.**    The maximum amount Diamond Parking can be required to pay under this Settlement for any purpose is the amount of the Settlement Fund ($856,000) unless it is determined that the Class contains more than 600 members as of September 26, 2007. If such a determination is made, the amount of the Settlement Fund ($856,000) shall be increased on a pro rata basis.

12

DAVIS WRIGHT TREMAINE LLP

**J.**    No Injunctive Relief.  As part of this Settlement, Diamond Parking shall not be required to enter into any consent decree, nor shall Diamond Parking be required to agree to any provision for injunctive relief.

**K.**    Notice/Approval of Settlement and Settlement Implementation.  As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary District Court approval of the Settlement, certifying a Settlement Class, notifying Settlement Class Members, obtaining final District Court approval of the Settlement and processing the settlement payments:

**1.**    Preliminary Settlement Hearing.  The Parties shall request a hearing before the District Court to request preliminary approval of the Settlement and to request the entry of the order for certification of the Class for settlement purposes only ("Preliminary Approval Order" or "Order") (attached as Exhibit 3 hereto).  In conjunction with this hearing, the Parties will submit this Agreement, which sets forth the terms of this Settlement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement.

**2.**    Notice to Settlement Class Members.  Notice of the Settlement shall be provided to Class Members, and Class Members shall submit objections to the Settlement and/or requests for exclusion from the Class, using the following procedures:

**a.**    Claims Administrator.  EPIQ Systems, Inc. (hereinafter "EPIQ"), or such other entity upon whom the Parties mutually agree, shall be retained to serve as Claims Administrator.  As set forth below, the Claims Administrator shall be responsible for preparing, printing and mailing the Notice of Proposed Class Action Settlement ("Notice") (attached as Exhibit 1 hereto) and the Claim Form (attached as Exhibit 2 hereto) as directed by the Court to the Class Members, receiving and reviewing the Claim Forms submitted by Class Members to determine eligibility for payment as a Settlement Class Member and the gross amount of any such payment, keeping track of opt-outs, drafting and mailing Settlement Award checks to Settlement Award Class Members, and for such other tasks as the Parties mutually agree or the District Court orders the Claims Administrator to perform.  The Parties each represent that they do not have any financial interest in EPIQ or otherwise have a relationship with EPIQ that could create a conflict of interest.  Diamond Parking also shall be responsible for paying over to the Claims

1   Administrator, at such times as requested by the Claims Administrator, those amounts from the

2   Settlement Fund necessary to enable the Claims Administrator to pay Settlement Class Members.

3            **b.**      Notice By First-Class Mail.  Within 20 days after entry of the

4   Preliminary Approval Order as provided herein, the Claims Administrator shall send a copy of the

5   Notice and a Claim Form, to all Class Members via First Class regular U.S. mail.  The Claims

6   Administrator will utilize the most current mailing address information for Class Members as

7   provided by Diamond Parking to the Claims Administrator from Diamond Parking's records.  Any

8   Notices returned to the Claims Administrator as non-delivered before the Objection/Exclusion

9   Deadline Date specified below, shall be sent to the forwarding address affixed thereto.  If no

10  forwarding address is provided, then the Claims Administrator shall promptly attempt to

11  determine a correct address using a single computer or other search using the Social Security

12  number of the individual involved.  In the event the procedures in this paragraph are followed and

13  no forwarding address is located, or the intended recipient of a Notice still does not receive the

14  Notice, the intended recipient shall remain a Settlement Class Member and will be bound by all

15  terms of the Settlement and any Final Judgment entered by the District Court if the Settlement is

16  approved by the District Court.

17            **3.**      Procedure for Objecting to or Requesting Exclusion from Settlement.

18            **a.**      Procedure for Objecting.  The Notice shall provide that Class

19  Members who wish to object to the Settlement must file with the District Court and serve on

20  counsel for the Parties a written statement objecting to the Settlement.  Such written statement

21  must be filed with the District Court and served on counsel for the Parties no later than thirty (30)

22  days after the initial Notice is mailed (the "Objection/Exclusion Deadline Date").  No Class

23  Member shall be entitled to be heard at the Final Settlement Approval Hearing (whether

24  individually or through separate counsel) or to object to the Settlement, and no written objections

25  or briefs submitted by any Class Member shall be received or considered by the District Court at

26  the Final Settlement Approval Hearing, unless written notice of the Class Member's intention to

27  appear at the Final Settlement Approval Hearing, and copies of any written objections or briefs,

28  shall have been filed with the District Court and served on counsel for the Parties on or before the

14

1  Objection/Exclusion Deadline Date.  Class Members who fail to file and serve timely written

2  objections in the manner specified above shall be deemed to have waived any objections and shall

3  be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

4          **b.**    <u>Procedure for Requesting Exclusion</u>.  The Notice shall provide that

5  Class Members who wish to opt-out or exclude themselves from the Class must submit a written

6  statement requesting exclusion from the Class on or before the Objection/Exclusion Deadline

7  Date.  Such written request for exclusion must contain the name, address, telephone number and

8  Social Security number of the person requesting exclusion and the location and years of his or her

9  employment by Diamond Parking in the State of California, must be returned by mail to the

10  Claims Administrator at a specified address and must be postmarked on or before the

11  Objection/Exclusion Deadline Date.  The date of the postmark on the return mailing envelope

12  shall be the exclusive means used to determine whether a request for exclusion has been timely

13  submitted.  Any Class Member who opts-out of the Class will not be entitled to any recovery

14  under the Settlement and will not be bound by the Settlement or have any right to object, appeal or

15  comment thereon.  Class Members who fail to submit a valid and timely request for exclusion on

16  or before the Objection/Exclusion Deadline Date shall be bound by all terms of the Settlement and

17  any Final Judgment entered in this Class Action if the Settlement is approved by the District

18  Court, regardless of whether they have otherwise requested exclusion from the Settlement.  No

19  later than seven (7) days before the Final Settlement Approval Hearing, the Claims Administrator

20  shall provide Diamond Parking's Counsel and Plaintiffs' Counsel with a complete list of all Class

21  Members who have timely requested exclusion from the Class.

22          **4.**    <u>No Solicitation of Settlement Objections or Exclusions</u>.  The Parties agree

23  to use their best efforts to carry out the terms of this Settlement.  At no time shall any of the

24  Parties or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit

25  written objections to the Settlement or requests for exclusion from the Settlement Class, or appeal

26  from the District Court's Final Judgment.

27          **5.**    <u>Option to Terminate Settlement</u>.  If, after the Objection/Exclusion Deadline

28  Date and before the Final Settlement Approval Hearing, Class Members who otherwise would be

DAVIS WRIGHT TREMAINE LLP

15

SETTLEMENT OF CLASS CLAIMSError! Reference source not found.
Case No.  07-03389.

DWT 2164120v1 0053052-000029

1   members of the Settlement Class have filed with the Claims Administrator timely requests for

2   exclusion from the Settlement Class in accordance with the terms of this Agreement and the

3   number of such Class Members equals or exceeds more than five percent (5%) of the total class,

4   Diamond Parking shall have, in its sole discretion, the option to terminate this Settlement.

5          **6.**      Final Settlement Approval Hearing and Entry of Final Judgment.  Upon

6   expiration of the Objection/Exclusion Deadline Date, with the District Court's permission, a Final

7   Settlement Approval Hearing shall be conducted to determine final approval of the Settlement

8   along with the amount properly payable for the Fee Award, and the Named Plaintiffs'

9   enhancements.  Upon final approval of the Settlement by the District Court at or after the Final

10  Settlement Approval Hearing, the Parties shall present a Final Judgment to the District Court for

11  its approval.  After entry of the Final Judgment, the District Court shall have continuing

12  jurisdiction solely for purposes of addressing:  (i) settlement administration matters and (ii) such

13  post-Final Judgment matters as may be appropriate under court rules or as set forth in this

14  Agreement.

15          **7.**      Procedure for Payment of Settlement Awards.  Except for Class Members

16  who submit valid and timely requests for exclusion as provided herein, all Class Members who are

17  entitled to participate in the Settlement Fund and who have submitted a valid and timely Claim

18  Form which will include a release of claims will receive a Settlement Award from Diamond

19  Parking, distributed by Diamond Parking or through the Claims Administrator.  The Claim Form

20  shall include instructions on how to submit the form, and shall notify Class Members that the

21  Claim Form must be completed, signed and returned by mail no later than the date indicated

22  therein for the claim deadline (the "Claim Deadline") for a Class Member to be eligible to receive

23  any Settlement Award.  The date of the postmark on the return envelope shall be the exclusive

24  means used to determine whether a Class Member has "timely" returned his/her Claim Form on or

25  before the Claim Deadline.  Claim Forms received by the Claims Administrator that have been

26  postmarked after the Claim Deadline shall be disregarded.  For purposes of this Agreement, a

27  Claim Form shall be deemed "valid" only if:  (1) the Class Member has provided on the Claim

28  Form his or her Social Security number and telephone number; (2) the Class Member has dated

DAVIS WRIGHT TREMAINE LLP

16

1   and signed the Claim Form; and (3) the name and Social Security number provided by the Class

2   Member on the Claim Form match Diamond Parking's records as provided to the Claims

3   Administrator.  The name and Social Security number provided by the Class Member will be

4   deemed to match Diamond Parking's records only if:  (1) both the first name and the last name

5   and the Social Security number provided by the Class Member match Diamond Parking's records;

6   or (2) the first name and the Social Security number provided by the Class Member match

7   Diamond Parking's records and it appears the last name has been changed as a result of a change

8   in marital status or other legal name change.  Although Class Members who do not submit a valid

9   and timely Claim Form shall not receive a Settlement Award, such persons shall nonetheless be

10  members of the Class and will be bound by all terms of the Settlement and any Final Judgment

11  entered in this Class Action if the Settlement is approved by the District Court.  Subject to the

12  terms of this Agreement, the Claims Administrator will send a Notice of Denied Claim form to

13  any Class Member who had submitted a Claim Form that was not timely and/or not valid, stating

14  the reason the claim was denied.  Settlement Awards for Settlement Class Members shall be paid

15  pursuant to the settlement formula set forth herein and shall be mailed no later than twenty (20)

16  days after the Effective Date.

17        Any checks paid to Settlement Class Members shall remain valid and negotiable for one

18  hundred and eighty (180) days from the date of their issuance and may thereafter automatically be

19  canceled if not cashed by a Settlement Class Member within that time, at which time the

20  Settlement Class Member's claim will be deemed void and of no further force and effect.  The

21  proceeds of any Settlement Award checks that have not been cashed 180 days after issuance will

22  be deposited with the State of California, Unclaimed Property Division.

23        **8.**   Denial or Modification of Claims.  Before any Class Member's claim is

24  denied or modified for any reason by the Claims Administrator, or a new claimant comes forward

25  who was not previously identified, both Class Counsel and Diamond Parking's Counsel must

26  agree in writing to the denial, agreement or modification of any such claim.  If any claimant

27  disputes the accuracy of Diamond Parking's records concerning said claimant's term of

28  employment or other factors bearing on the claimant's eligibility to receive a Settlement Award, or

DAVIS WRIGHT TREMAINE LLP

17

1   if Diamond Parking believes a claim is fraudulent, as applicable, the dispute shall first be

2   submitted to Class Counsel and Diamond Parking's Counsel for attempted mutual resolution. The

3   claimant shall have the ability to describe the nature and circumstances of their dispute or new

4   claim on the Claim Form provided to them. Any claimant who tenders such a dispute or new

5   claim shall provide corrected or new information on the Claim Form, and shall submit to the

6   Claims Administrator copies of any supporting documents available to the claimant. If counsel for

7   all parties agree on the resolution of a disputed or new claim or whether a claim is valid and/or

8   timely made, that shall be binding and final on the claimant subject to court review. If said

9   counsel are unable to agree on the resolution of any such disputed or new claim, or whether a

10  claim is valid and/or timely made, the matter shall be submitted for a binding decision to the

11  Claims Administrator, subject to court review. If the claimant desires to challenge a decision by

12  counsel or by the Class Administrator, he or she may do so by filing a motion, at his or her

13  expense, with the District Court. Any such motion shall be filed no later than fifteen days after

14  notice to the claimant of the final decision concerning his or her claim. The parties shall use their

15  best efforts to resolve all disputed or new claim and/or late claims before the hearing on Final

16  Approval.

17      **9.**     Administration Costs. All of Diamond Parking's own legal fees, costs and

18  expenses incurred in this Action and in administering the Settlement shall be borne by Diamond

19  Parking. The Parties agree to cooperate in the Settlement administration process and to make all

20  reasonable efforts to control and minimize the costs and expenses incurred in administration of the

21  Settlement.

22      **10.**    Nullification of Settlement Agreement. In the event: (i) the District Court

23  does not enter the Order specified herein; (ii) the District Court does not finally approve the

24  Settlement as provided herein; (iii) the District Court does not enter a Final Judgment as provided

25  herein which becomes final as a result of the occurrence of the Effective Date; or (iv) the

26  Settlement does not become final for any other reason, this Settlement Agreement shall be null

27  and void and any order or judgment entered by the Court in furtherance of this Settlement shall be

28  treated as void *ab initio*. In such a case, the Parties and any funds to be awarded under this

DAVIS WRIGHT TREMAINE LLP

18

1  Settlement shall be returned to their respective statuses as of the date and time immediately prior

2  to the execution of this Agreement, and the Parties shall proceed in all respects as if this

3  Settlement Agreement had not been executed, except that any fees already incurred by the Claims

4  Administrator shall be paid by Diamond Parking and shall not be repaid to Diamond Parking.  In

5  the event an appeal is filed from the District Court's Final Judgment, or any other appellate review

6  is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final

7  resolution of the appeal or other appellate review.

8       **11.**   Certification By Claims Administrator.  The Claims Administrator shall

9  keep Diamond Parking, Diamond Parking's counsel and Class Counsel, apprised of all

10  distributions from the Settlement Fund (to the extent the Claims Administrator is responsible for

11  any such distribution) and upon completion of administration of that portion of the Settlement, the

12  Claims Administrator shall provide written certification of such completion to the District Court

13  and counsel for all Parties.

14      **L.**   Privacy of Documents and Information.  Named Plaintiffs and Class Counsel agree

15  that none of the documents and information provided to them by Diamond Parking shall be used

16  for any purpose other than prosecution of this Class Action.

17      **M.**   No Effect on Employee Benefits.  The Settlement Awards and Enhancement paid

18  to the Named Plaintiffs or Settlement Class Members shall not have any effect on the eligibility

19  for, or calculation of, any of the employee benefits (e.g. vacations, holiday pay, retirement plans,

20  etc.) of the Named Plaintiffs or Settlement Class Members.  The Parties agree that any Settlement

21  Awards and Enhancement Awards to Settlement Class Members or Named Plaintiffs under the

22  terms of this Agreement do not represent any modification of Settlement Class Members' or

23  Named Plaintiffs' previously credited hours of service or other eligibility criteria under any

24  employee pension benefit plan or employee welfare benefit plan sponsored by Diamond Parking.

25  Further, any Settlement Awards or Enhancement hereunder shall not be considered

26  "compensation" in any year for purposes of determining eligibility for, or benefit accrual within,

27  an employee pension benefit plan or employee welfare benefit plan sponsored by Diamond

28  Parking.

DAVIS WRIGHT TREMAINE LLP

19

SETTLEMENT OF CLASS CLAIMSError! Reference source not found.
Case No.   07-03389.

DWT 2164120v1 0053052-000029

**N.** <u>No Admission By the Parties</u>. Diamond Parking and the Released Parties deny any and all claims alleged in this Class Action and deny all wrongdoing whatsoever. This Agreement is not a concession or admission, and shall not be used against Diamond Parking or any of the Released Parties as an admission or indication with respect to any claim of any fault, concession or omission by Diamond Parking or any of the Released Parties. Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

    **1.** construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

    **2.** disclosed, referred to or offered or received in evidence against any of the Released Parties, in any further proceeding in the Class Action, or any other civil, criminal or administrative action or proceeding except for purposes of settling this Class Action pursuant to this Agreement.

**O.** <u>Exhibits and Headings</u>. The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibits to this Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

**P.** <u>Agreement Not to Cooperate in Litigation Against Diamond Parking</u>. Named Plaintiffs agree not to solicit, encourage, support, cooperate with, or provide information to any individual, entity, or attorney who seeks to pursue any Released Claims against Diamond Parking, with the exception that Named Plaintiffs may respond truthfully to a validly-executed and served subpoena or other court order.

**Q.** <u>Interim Stay of Proceedings</u>. The Parties agree to hold all proceedings in the Class Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Final Settlement Approval Hearing to be conducted by the District Court.

SETTLEMENT OF CLASS CLAIMS**Error! Reference source not found.**

Case No.  07-03389.

DWT 2164120v1 0053052-000029

DAVIS WRIGHT TREMAINE LLP

**R.**    Amendment or Modification.  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

**S.**    Entire Agreement.  This Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

**T.**    Authorization to Enter Into Settlement Agreement.  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the District Court to resolve such disagreement.  The persons signing this Agreement on behalf of Diamond Parking represent and warrant that they are authorized to sign this Agreement on behalf of Diamond Parking.

**U.**    Binding on Successors and Assigns.  This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

**V.**    California Law Governs.  All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of California.

**W.**    Counterparts.  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties shall exchange among themselves original signed counterparts.

**X.**    This Settlement is Fair, Adequate and Reasonable.  The Parties believe this Settlement is a fair, adequate and reasonable settlement of this Class Action and have arrived at

21

DAVIS WRIGHT TREMAINE LLP

1  this Settlement in arms-length negotiations, taking into account all relevant factors, present and

2  potential. This Settlement was reached after extensive negotiations.

3       **Y.**    <u>Jurisdiction of the Court</u>. The Court shall retain jurisdiction with respect to the

4  interpretation, implementation and enforcement of the terms of this Agreement and all orders and

5  judgments entered in connection therewith, and the parties and their counsel hereto submit to the

6  jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement

7  embodied in this Agreement and all orders and judgments entered in connection therewith.

8       **Z.**    <u>Cooperation and Drafting</u>. Each of the Parties has cooperated in the drafting and

9  preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall

10  not be construed against any of the parties.

11       **AA.**    <u>Invalidity of Any Provision</u>. Before declaring any provision of this Agreement

12  invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible

13  consistent with applicable precedents so as to define all provisions of this Agreement valid and

14  enforceable.

15       **BB.**    <u>Named Plaintiffs' Waiver of Right to be Excluded and Object</u>. The Named

16  Plaintiffs agree to sign this Agreement and by signing this Agreement are bound by the terms

17  herein stated and further agree not to request to be excluded from the Settlement Class and agree

18  not to object to any of the terms of this Agreement. Non-compliance by the Named Plaintiffs with

19  this paragraph shall be void and of no force or effect. Any such request for exclusion or objection

20  shall therefore be void and of no force or effect.

21       RESPECTFULLY SUBMITTED this _____ day of _____, 2008.

22  Krutcik & Georggin
23  *Counsel for Plaintiff and Proposed Class*

    Davis Wright Tremaine LLP
    *Attorneys for Diamond Parking, Inc. and*
    *Diamond Parking Services, LLC*

24

25

26  By:_____

    By:_____

27

28

DAVIS WRIGHT TREMAINE LLP

APPROVED AND ACCEPTED:

Paul O'Sullivan

DIAMOND PARKING, INC.

_____
Named Plaintiff and Class Representative

By:_____
Its:_____

Marie Brown

DIAMOND PARKING SERVICES, LLC

_____
Named Plaintiff and Class Representative

By:_____
Its:_____

Keo Yang

_____
Named Plaintiff and Class Representative

Sarah Barsoum

_____
Named Plaintiff and Class Representative

Sirine Dalloul

_____
Named Plaintiff and Class Representative

Hala Hawa

_____
Named Plaintiff and Class Representative

Monir Hawa

_____
Named Plaintiff and Class Representative

Constance Margerum

_____
Named Plaintiff and Class Representative

Diana Bartlett

_____
Named Plaintiff and Class Representative

DAVIS WRIGHT TREMAINE LLP

23

SETTLEMENT OF CLASS CLAIMSError! Reference source not found.
Case No.   07-03389.

DWT 2164120v1 0053052-000029

**Yer Vang**

_____
Named Plaintiff and Class Representative

**Cherie Davis**

_____
Named Plaintiff and Class Representative


**LIST OF EXHIBITS**
1. Class Notice
2. Claim Form
3. Preliminary Approval Order (proposed)

SETTLEMENT OF CLASS CLAIMSError! Reference source not found.
Case No.  07-03389.

DWT 2164120v1 0053052-000029