**KRUTCIK & GEORGGIN**
A. Nicholas Georggin, Esq. (SBN 170925)
James A. Krutcik, Esq. (SBN 140550)
26021 Acero
Mission Viejo, CA 92691
(949) 367-8590;   (949) 367-8597 FAX
ngeorggin@kglawoffices.com; jkrutcik@kglawoffices.com

Attorneys for Plaintiffs PAUL O'SULLIVAN, MARIE BROWN, KEO YANG, SARAH BARSOUM, SIRINE DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE MARGERUM, DIANA BARLETT, YER VANG, and CHERIE DAVIS, individually, and all those similarly situated,

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL O'SULLIVAN, MARIE BROWN, KEO YANG, SARAH BARSOUM, SIRINE DALLOUL, HALA HAWA, MONIR HAWA, CONSTANCE MARGERUM, DIANA BARLETT, YER VANG, and CHERIE DAVIS, individually, and all those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> DIAMOND PARKING, INC., a Washington Corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company; and DOES 1 through 500, inclusive, <br><br> Defendants. | CASE NO. C 07-03389 VRW <br><br> SUPPLEMENTAL DECLARATION OF A. NICHOLAS GEORGGIN, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT <br><br> DATE: September 25, 2008 <br> TIME: 2:30 p.m. <br> COURTROOM: 6 <br><br> [Federal Rules of Civil Procedure, rule 23(e), et seq.] <br><br> (Notice of Motion and Motion for Preliminary Approval of Class Action Settlement; Declaration of A. Nicholas Georggin; and [Proposed] Order Granting Preliminary Approval of Class Action Settlement previously filed and served) |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

I, A. Nicholas Georggin, hereby declare and state as follows:

1. I am a partner in the law firm of Krutcik & Georggin, the attorneys of record for Plaintiffs Paul O'Sullivan, Marie Brown, Keo Yang, Sarah Barsoum, Sirine Dalloul, Hala Hawa, Monir Hawa, Constance Margerum, Diana Barlett, Yer Vang, and Cherie

---

1

*Supp. Dec. of ANG in Support of Preliminary Approval.wpd*

CASE NO. C 07-03389 VRW
Supplemental Declaration of A. Nicholas Georggin, Esq.

1  Davis, individually, and on behalf of all persons similarly situated, (hereinafter
2  collectively "PLAINTIFFS") in the above-entitled matter. I have actively participated
3  in this lawsuit since before the filing of the Complaint against DIAMOND PARKING,
4  INC. ("DIAMOND PARKING") in May of 2007. I am familiar with the facts averred to
5  herein, and if called to testify on these facts, I could and would do so competently.

6      2.    I submit this Supplemental Declaration in support of PLAINTIFFS' Motion
7  for Preliminary Approval of Class Action Settlement and pursuant to the Court's
8  September 15, 2008, Order for additional evidence supporting a lodestar analysis of
9  PLAINTIFFS' counsel's request for attorneys' fees and reimbursement of litigation costs.

10     3.    **Total Hours Spent by Each Plaintiffs' Attorney:** Over the course of the
11 litigation in *O'Sullivan*, I am informed and believe that to date, Krutcik & Georggin has
12 devoted approximately 483 hours investigating, prosecuting and resolving the claims
13 against DIAMOND PARKING. I am informed and believe that the total hours are
14 allocated as follows: 1) James A. Krutcik approximately 106 hours; 2) A. Nicholas
15 Georggin approximately 198 hours; 3) Steven D. Sperling approximately 52 hours; and
16 4) Michelle E. Ott approximately 127 hours. Additionally, I am informed and believe that
17 to date, Krutcik & Georggin has expended approximately $5,125.00 in out of pocket
18 litigation costs.

19     4.    **General Description of the Work Performed:** Beginning in approximately
20 July 2006, Krutcik & Georggin began investigating the claims against DIAMOND
21 PARKING that gave rise to the complaint in *O'Sullivan*. Prior to filing the *O'Sullivan*
22 complaint, our attorneys interviewed the named Plaintiffs, researched the potential claims
23 against DIAMOND PARKING, and documented the various wage and hour violations.
24 As part of this process, we reviewed DIAMOND PARKING's time keeping, payroll and
25 employment policies and records. Among other things, our investigation confirmed that
26 DIAMOND PARKING had a practice of under staffing its locations so that employees
27 were unable to take required meal periods and rest breaks. Additionally, many employees
28 were not paid for all time worked because they were required to travel between job

1  locations, and attend meetings without compensation. We also determined that
2  DIAMOND PARKING's payroll is processed at a central location, using the same time
3  frame for issuing checks to terminated employees.
4      5.    During the course of the ligations, we spent a significant amount of time
5  reviewing, analyzing the summarizing DIAMOND PARKING's time and payroll records
6  which evidenced wage and hour violations. This data was compiled and entered into
7  electronic spreadsheets which allowed a detailed analysis of both violation rates and
8  potential liability. We also conducted surveillance of DIAMOND PARKING's facilities
9  in order to observe, first hand, its staffing practices. All of this evidence permitted us to
10 perform a detailed evaluation of the claims and damages available to PLAINTIFFS in
11 preparation for mediation.
12     6.    Prior to the Mediation, PLAINTIFFS' counsel met with counsel for
13 DIAMOND PARKING to discuss the claims, potential unpaid wages, and outlined an
14 agreement for the informal exchange of information. PLAINTIFFS' counsel also met
15 with the Named Plaintiffs to review the data provided by DIAMOND PARKING,
16 spreadsheet reports and calculations, and to discuss a mediation strategy. The Named
17 Plaintiffs also detailed their personal employment experiences and the facts and
18 circumstances surrounding their termination. Settlement of this case resulted after an
19 over fourteen hour long mediation session before Mediator Loeb.
20     7.    Thereafter, we prepared the settlement documents, including the notice of
21 settlement and claim form which were reviewed, revised and finalized after numerous
22 discussions with DIAMOND PARKING's counsel. We also reviewed and revised the
23 proposed settlement agreement and release and suggested changes to the agreement and
24 scope of the release. Our office also calculated and determined the method and amount
25 of settlement distributions. Our office participated in multiple meetings with counsel for
26 DIAMOND PARKING and Mediator Loeb regarding the scope of the release, and the
27 proposed settlement documents. My office also conducted legal research on various
28 ///

3

*Supp. Dec. of ANG in Support of Preliminary Approval.wpd*

CASE NO. C 07-03389 VRW
Supplemental Declaration of A. Nicholas Georggin, Esq.

issues affecting the settlement and approval process and prepared the motion for preliminary approval documents.

8. **Number of Years Each Attorney Has Practiced Law**: James A. Krutcik was licensed to practice law in the State of California in June 1989 and has been practicing law for over nineteen years. A. Nicholas Georggin was licensed to practice law in the State of California in June 1994 and has been practicing law for over fourteen years. Steven D. Sperling was licensed to practice law in the State of California in June 1997 and has been practicing law for over eleven years. Michelle E. Ott was licensed to practice law in the State of California in December 2005 and has been practicing law for almost three years.

9. **Location of Each Attorneys' Practice**: All of the attorneys who assisted in the investigation, prosecution and resolution of PLAINTIFFS' claims against DIAMOND PARKING are Partners or Associates of Krutcik & Georggin, which is located in Mission Viejo, California. And from our Mission Viejo office over the last ten years, Krutcik & Georggin has prosecuted complex wage and hour class actions cases across the State of California.

10. **The Hourly Fee for Each Attorney**: The standard hourly rate for James A. Krutcik, A. Nicholas Georggin, and Steven D. Sperling for complex wage and hour class action cases is $450.00 per hour. The standard hourly rate for Michelle E. Ott for complex wage and hour class action cases is $350.00 per hour.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 19th day of September, 2008, at Mission Viejo, California.

By: _____
A. Nicholas Georggin, Esq.